THOMAS H. WALTER et al., Respondents, *v.* JONATHAN O. FOW-
LER, Appellant.

85    621
Case 2
e 77 AD¹314

Where there is a semblance of a cause of action or defense set up in a
pleading, its sufficiency cannot be determined on motion to strike it
out as redundant or irrelevant.

*It seems* that the proper way to test the validity of the pleading is by de-
murrer or by motion on trial.

(Submitted April 19, 1881; decided May 10, 1881.)

THIS was àn appeal from an order of General Term which
affirmed an order of Special Term striking out portions of de-
fendants' answer as irrelevant and redundant.

The action was brought for alleged breach on the part of the
tenant of covenants in a lease to pay taxes, etc.

The court say: "It would be difficult to frame a pleading
more imperfect, confused and unintelligible than is the answer
in this case. It occupies twenty pages of the appeal book, and
is filled with redundant and irrelevant matter, and there is no
clear statement of any defense or counter-claim. But we think
the Special Term carried the work of expurgation somewhat
further than is warranted on a motion to strike out redundant
or irrelevant allegations. There is a semblance of a cause of
action stated in the answer to recover back $4,600 paid for ex-
tra rent, on the ground that it was obtained by duress. Whether
it was a valid counter-claim within the Code is a question
which should be determined either by demurrer or by motion

on the trial, and not upon a summary motion to strike it out as redundant or irrelevant. The two remedies are not concurrent. (*Fettretch* v. *McKay*, 47 N. Y. 427; *Collins* v. *Swan*, 7 Robt. 94.)

The answer also avers that the plaintiffs had not paid the taxes which they seek to recover under the covenant in the lease and alleges that they have been paid by a mortgagee under a stipulation in the mortgage and tacked to the mortgage. It then avers that the plaintiffs, by reason of these facts, cannot maintain their action. It may very well be that this constitutes in law no defense. (*Trinity Church* v. *Higgins*, 48 N. Y. 532.) But the sufficiency of a defense cannot properly be determined on a motion to strike out a pleading. To reach such a defect is the appropriate office of a demurrer.

We think the order should be modified by limiting it to expunging those parts of the answer embraced in the order not relating to the $4,600 claim, or to the defense founded upon the non-payment by the plaintiffs of the taxes claimed to be recovered and their payment by the mortgagee, and that in other respects it should be affirmed without costs to either party."

*Samuel Hand* for appellant.

*George W. Ellis* for respondents.

*Per Curiam* opinion for modification as above stated.
All concur.
Ordered accordingly.