The court at General Term, held :
“ It is quite clear that the 4th subdivision of the answer was redundant, being a mere reiteration of a similar allegation in the complaint. The allegations in the subsequent subdivisions (5-10) are unnecessarily prolix; but taken as a whole I am not prepared to say that they do not constitute a plea of such former adjudication against the plaintiff’s claim as would, if true, defeat his right of action. When there is a semblance of a cause of action or defense set up in the pleading, its sufficiency cannot be determined on motion to strike out as redundant or irrelevant. It seems that the proper way to test the validity of the pleading is by demurrer or by motion on trial (Walter v. Fowler, 85 N. Y. 621; Fettretch v. McKay, 47 Id. 426 ; Collins v. Suau, 7 Robt. 94; Trinity Church v. Higgins, 48 N. Y. 532). It seems to me the plaintiff’s proper remedy was, first to move that the defendant state the defenses separately, and then to test the sufficiency of these allegations by a demurrer.
Winsor & Marsh, for appellants.
Abel E. Blackmar, for respondent.
Opinion by Russell, J.; Sedgwick, Ch. J., and Freedman, J. concurred.
Order affirmed as to fourth subdivision of the answer and reversed as to the others, without costs.