LUGAR *et al. v.* BYRNES *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

EQUITY—CANCELLATION OF DEEDS—UNDUE INFLUENCE—AVERMENTS OF COMPLAINT.

The complaint in an action to set aside a deed on the ground of undue influence set forth the details of a scheme by which defendant acquired, piece by piece, nearly all the property of her mother, the grantor, to the exclusion of her sisters. *Held* that, though the allegations as to the amount and nature of the property owned by the mother at the time of the inception of the scheme, and those relating to the transfer to defendant of such property other than that conveyed by the deed sought to be set aside, are not necessary, it is not error to refuse to strike them out.[1]

Appeal from special term, New York county; PATTERSON, Justice.

Action by Maria H. Lugar, Clara V. Le Gendre, and William C. Le Gendre against Fannie J. Byrnes, Rudolph F. Rabe, and George H. Goodridge, as executors of Maria Mulock, deceased, to set aside a deed from the testatrix to the defendant Fannie J. Byrnes; the executors being made defendants because of their refusal to bring the action. The plaintiffs are two of the daughters and a grandson of the testatrix, and devisees and legatees under her will; the defendant Byrnes being also one of her daughters. The complaint, after setting out the will of Mrs. Mulock, and the relationship of the several parties to her, alleged a scheme by means of which the defendant Byrnes, during the life-time of her mother, acquired, piece by piece, nearly all her property, to the exclusion of the other daughters, and prays for the cancellation of one of those deeds, conveying to the defendant certain property in the city of New York. The defendant Byrnes appeals from an order refusing to strike from the complaint the allegations as to the amount and nature of Mrs. Mulock's property before Mrs. Byrnes acquired an undue influence over her, and those relating to the transfer of that property, other than that conveyed by the deed in this suit sought to be set aside.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Rabe & Keller,* for appellant. *R. L. Harrison,* for respondents.

---

[1] As to when equity will grant relief on the ground of fraud and undue influence, see Callery v. Miller, *ante,* 88, and note.

PER CURIAM.   Although it would not have been error for the court below to have granted the motion as to some of the allegations of the complaint which are complained against upon this appeal, yet, as there is no evidence that the retention of these allegations will in any way embarrass the defendant in his defense, the ruling of the court striking them out should not be reversed upon appeal.   It is only in those cases in which harm or injustice will be done to the defendant by the retention of the allegations that such a motion should be granted.   The case at bar does not present any such reason, and the order appealed from should be affirmed, with $10 costs and disbursements.