## WHITEHALL LUMBER CO., Limited, *v.* EDMANS.

*(Supreme Court, General Term, Third Department. March 16, 1889.)*

1. PLEADING—ANSWER—IRRELEVANCY.

In an action by the seller against the buyer for false representation as to credit, the buyer answered, admitting the sale, and denying generally and specially the false representations. In a separate paragraph he alleged a failure on the part of the seller to ship the goods in time, whereby the buyer was compelled, in order to perform a contract to carry out which the goods were purchased, to buy for cash similar goods at an advanced price, and to use in the payment therefor a part of the money that he represented that he had. *Held*, that a motion to strike out such paragraph under Code Civil Proc. § 545, providing that irrelevant matter may be stricken out, should be denied, as the paragraph constituted the semblance of a cause of action.

2. SAME.

The question whether such matter constituted a valid counter-claim cannot be determined on motion to strike out. The remedy is by demurrer or motion on the trial.

3. SAME.

The Code contains no provision for striking out an answer for irrelevancy.

Appeal from special term, Washington county.

Action by the Whitehall Lumber Company, Limited. against Walter J. Edmans, for fraudulent representations, whereby plaintiff was induced to sell defendant three car-loads of lumber. The alleged representations were that defendant was solvent, and was worth $1,700 over and above his liabilities, except his liability to plaintiff. Defendant answered, admitting the sale, but denying generally and specially the false representations. The fourth paragraph of the answer was as follows: "(4) That the lumber contracted for with plaintiff by the defendant was not all received by defendant in time for use in manufacturing said stove-boards, under the contract therefor above referred to, within the period called for by said contract therefor; and defendant was obliged, in consequence, not only to shut down work at his shop, but, to complete his said contract for the manufacture of said stove-boards, was finally compelled to and did buy lumber nearer home, and for cash, and at less advantageous prices, and thus realized less profit under said contract for the manufacture of stove-boards, and was compelled to use some of the proceeds of said contract in the cash purchase of lumber, and from the seventeen hundred dollars intended to be referred to in plaintiff's said amended complaint. Wherefore defendant demands judgment herein for his costs of this action."

From an order granting a motion to strike out such paragraph defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Gurdon G. Shrauder*, for appellant. *Potter & Lillie*, for respondent.

LEARNED, P. J. This is an appeal from an order striking out the fourth paragraph in defendant's answer as irrelevant and redundant. It is not redundant, because it is not a repetition of anything else in the answer. There is no authority now in the Code for striking out an answer as "irrelevant." That word has been omitted, as being equivalent to "frivolous." Sections 537, 538, and note to last section. It is only a "sham" answer, which can be stricken out, and that means a false answer. But irrelevant matter may be stricken out, (section 545;) that is, matter which is irrelevant to the cause of action, or to the defense which the party attempts to allege. This fourth paragraph sets up damages arising from the breach by the plaintiff of the contract of sale alleged in the complaint, and in the making of which contract the complaint avers that defendant made the false representations. This is "the semblance of a cause of action." Whether it was a valid counter-claim within the Code is a question which should be determined either by demurrer or by notice on the trial, and not by a summary motion to strike it out as redundant and irrelevant. "The sufficiency of a defense cannot properly be determined on a motion to strike out a pleading." *Walter* v. *Fowler*, 85 N. Y. 621. "The power given to a court to expunge matter from a pleading upon motion for irrelevancy refers to such matter as is irrelevant to the cause of action or defense attempted to be stated in the pleading." *Hagerty* v. *Andrews*, 94 N. Y. 197. The plaintiff's counsel in his brief says that, if such a cause of action exists, defendant may recover upon it; but that it constitutes no defense in this action, which is in tort. But the cases above cited show that, if this answer is no defense, the remedy is by demurrer or by motion on the trial, and not by this summary motion. The order should be reversed, with $10 costs and printing disbursements, and motion denied, with $10 costs.

LANDON and INGALLS, JJ., concur.