### NORDLINGER et al. v. McKim et al.

*(Supreme Court, General Term, First Department.　May 15, 1891.)*

PLEADING—ANSWER—REDUNDANT DEFENSES.

　　Code Civil Proc. N. Y. § 538, provides that "a sham answer or a sham defense may be stricken out by the court upon motion," etc. Section 545 provides that "irrelevant, redundant, or scandalous matter contained in a pleading may be stricken out upon the motion of a person aggrieved thereby." Plaintiffs sued to recover money received by defendants on checks fraudulently indorsed to them by plaintiffs' clerk. Defendants set up plaintiffs' negligence as a defense in an answer containing six defenses: (1) A general denial; (2) authority of clerk to indorse, and defendants' ownership as agents for others; (3) authority from plaintiffs' clerk to indorse, notwithstanding notice to them of his untrustworthiness; (4) neglect of plaintiffs to inform defendants and the public of such clerk's untrustworthiness; (5) alleging foregoing facts, and that defendants were mere custodians of said checks; (6) alleging that plaintiffs had caused and allowed said clerk to escape to parts unknown, and thus compounded his felony. *Held,* that such defenses, though unnecessarily redundant, were nevertheless relevant to the issue, and presented each the semblance of a defense, and could not, therefore, be stricken out.

Appeal from special term, New York county.

Action by Jacob D. Nordlinger and others against Hollins McKim and others, to recover moneys alleged to have been received by defendants on checks owned by plaintiffs, and collected by means of forged indorsements of their names thereon by one Long, their clerk. Plaintiffs appeal from an order denying their motion to strike out certain parts of defendants' answer as being sham, irrelevant, redundant, and scandalous. The answer contains six defenses, as follows: (1) General denial; and (2) that the checks were indorsed by Long, an authorized agent, and the defendants acted only as agents for others, and never asserted title to them; (3) that Long was held out as an authorized agent by the plaintiffs, although they were chargeable with notice of his unworthiness, and hence the fraud of the plaintiffs is pleaded; (4) negligence under a somewhat similar and briefer statement of facts is pleaded; (5) all the facts establishing the defense that the defendants were merely temporary custodians of the checks are pleaded; (6) certain facts are alleged showing gross negligence, combined with fraud, on the part of the plaintiffs in allowing Long to escape from the jurisdiction of the court without notice to the defendants, and facts showing that this was done only after a collection from Long amounting to more than the indebtedness alleged in the complaint. It is alleged in this defense that the plaintiffs "failed and neglected to prosecute the said charge of forgery, or to prosecute a charge of larceny of said checks by said Long, and caused and allowed the said Long to escape from the jurisdiction of this court for parts unknown, and wrongfully and unlawfully compounded the said felony and said larceny with the said Long." Code Civil Proc. N. Y. § 538, provides that "a sham answer or a sham defense may be stricken out by the court upon motion," etc. Section 545 provides that "irrelevant, redundant, or scandalous matter contained in a pleading may be stricken out upon the motion of a person aggrieved thereby."

Argued before Van Brunt, P. J., and, Daniels, J.

*Hoadly, Lauterbach & Johnson,* (*Wm. N. Cohen,* of counsel,) for appellants. *Wolff & Hodge,* (*Robert Sewell* and *J. Aspinwall Hodge, Jr.,* of counsel,) for respondents.

Daniels, J. The action is brought to recover money alleged to have been received by the defendants on checks owned by the plaintiffs, and collected by means of the fraudulent and forged indorsement of their names upon them. The defendants, by their answer, have denied the material allegations of the complaint, and to their denials have added other allegations which were included in the motion. These allegations aver that the indorsements were made by a person in the plaintiffs' employment, whom they retained after they became aware that he was unreliable and untrustworthy, and that it was attributable to their own conduct that he was able to make use of the checks, and allow the money to be collected upon them. These statements, it is true, have been unnecessarily, and, it may be added, improperly, elaborated, extended, and repeated, but they are nevertheless relevant to the issue, and created material inquiries to be settled by the trial. And so far they cannot be stricken out, either as sham or irrelevant, under sections 538 and 545 of the Code of Civil Procedure. It certainly cannot be said that they do not present the semblance of a defense, although they have been needlessly repeated, and, where that cannot be held, they cannot be stricken out. *Walter* v. *Fowler,* 85 N. Y. 621. They might, without detriment to the defendants, be very much reduced in bulk, but that it is not the office of the general term to do. On the contrary, it is the practice not to interfere, unless it is plain that the party complaining will be prejudiced in his case by allowing the pleading to remain uncorrected. *Lugar* v. *Byrnes,* 1 N. Y. Supp. 262. And that the plaintiffs will be so prejudiced by these extended and minute statements does not appear. If the third, fourth, and fifth subdivisions of the answer present no defense, the regular mode for contesting them is by the service of a demurrer, and not by way of this motion. But that probably could not be maintained, for there are facts in each division alleged which, if proven, may prevent the plaintiffs from succeeding in the action. The sixth subdivision of the answer rests upon the conduct of the plaintiffs after their alleged discovery of the misconduct of their book-keeper and cashier, by which it is averred that the defendants have been deprived of their right to resort to him for indemnity in case of loss accruing to them by reason of his acts, and by which they obtained satisfaction for the loss they encountered through his misconduct. It cannot be now held that this part of the answer discloses no defense, although much more has been stated than was requisite for this purpose. That is the entire fault of the answer; for while facts are alleged that are material and necessary to the defense, far too much has been said to color and comment upon them, to be consistent with the clearness and conciseness of pleadings in legal actions. At the same time the plaintiffs have been deprived of none of their rights by this unjustifiable waste of words. The order should be affirmed, but without costs to the respondents.