(18 App. Div. 146.)

## DUNTON v. HAGERMAN.

(Supreme Court, Appellate Division, Second Department. May 21, 1897.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—OTHER OFFENSES.
   In an action for malicious prosecution, in instituting a prosecution for
   larceny against plaintiff, based on a charge that he had caused notes of a
   company of which he was president to be discounted, and had appropriated
   the proceeds, the defendant's answer alleged that he, as an officer of the
   same company, had examined its books, and had found discrepancies and
   irregularities, including the one on which the charge of larceny was based,
   and also that certain notes other than the one to which the charge related
   had been misappropriated by plaintiff. *Held* that, as these facts tended to
   show the existence of probable cause for the prosecution, they were perti-
   nent, and should not be stricken out, as irrelevant or scandalous, though
   they contained distinct charges of independent offenses.

2. SAME—ANSWER—RELEVANCY OF ALLEGATIONS.
   *Held*, further, that an allegation that the plaintiff had the management of
   the outside finances of the company, that the operations of the company
   were extensive, and that defendant had had a large financial experience,
   was irrelevant, and should be stricken out of the answer.

Appeal from special term, Queens county.

Action by Frederick W. Dunton against George E. Hagerman.
From an order striking out certain portions of his answer, defend-
ant appeals. Reversed in part.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

A. N. Weller, for appellant.
John Sabine Smith, for respondent.

HATCH, J. The action is brought to recover damages for ma-
licious prosecution. The averments of the complaint are that the
defendant maliciously, intending to injure the plaintiff in his good
reputation, appeared before a magistrate in the city of New York,
and, without probable cause, charged the plaintiff with the crime
of larceny in procuring certain notes of the New York & Brook-
lyn Suburban Investment Company of New York, of which company
the plaintiff was president, to be discounted, and with having felo-
niously and fraudulently applied the proceeds thereof to his own
use; that, by reason of such charge, the said magistrate issued a

warrant for the apprehension of the plaintiff, upon which he was arrested and carried before said magistrate, and required to give bail; that, upon an examination thereafter had, the plaintiff was adjudged not to be guilty of said offense, was discharged from custody, and said complaint was not further prosecuted. The defendant, by answer, admitted the charge, arrest, and discharge of the plaintiff by the magistrate, and put in issue by appropriate denials the other allegations of the complaint. For a further answer, both by way of defense and as constituting mitigating facts and circumstances, the defendant alleged, in substance, in the eighth paragraph of his answer, that the plaintiff was president of the investment company, and that the defendant was its secretary and treasurer; that the plaintiff had the entire management of the company so far as its outside finances were concerned, using its notes for discount in carrying out extensive financial operations in which the corporation was engaged; that the business of the corporation was extensive, covering many hundreds of thousands of dollars in its operation per year, and requiring an intricate bookkeeping account; that the defendant had formerly been connected with the Corbin Banking Company, and had a large and extensive financial acquaintance, for which reason he had charge of the financial arrangements of the corporation. This allegation of the answer was struck out as irrelevant. The ninth paragraph of the answer contains two specific charges: First, that on the 23d day of November, 1891, the plaintiff took $10,000 in notes of the company, and procured them to be discounted at the Chase National Bank of New York, the proceeds of which he directed to be credited to his individual account, thereby misappropriating the same; second, that on the 12th day of January, 1892, the plaintiff, in like manner and at the same bank, misappropriated $10,000 more of notes of the company. This paragraph was struck out as irrelevant and scandalous. The tenth paragraph contains a specific allegation of the misappropriation of the proceeds of four $500 notes, and a $500 check of the company, in a transaction had on the 24th day of January, 1894, with the Cheshire National Bank of Keene, N. H. This allegation was struck out as irrelevant and scandalous. The eleventh paragraph avers that before the defendant applied for the warrant of arrest, referred to in the complaint, he caused the books of said company to be examined by expert accountants; that the said accountants reported large discrepancies, irregularities, and an apparent shortage of between $200,000 and $300,000; that the plaintiff also examined said books, and could not find where the proceeds of the several notes mentioned in the other paragraphs of the answer were turned into the treasury of the company; and that he believed, and had reasonable and probable cause for believing, that the plaintiff had misappropriated and converted to his own use the said several sums of money; and that thereupon he caused the arrest of the plaintiff, fully believing him to be guilty of the crimes charged, and without any malice. This paragraph was also stricken out as irrelevant and scandalous.

The learned court below, in making its order, proceeded upon the ground that the allegations of the answer stricken out as irrelevant

and scandalous contained distinct charges of independent offenses committed by the plaintiff, which were in no wise connected with the charge made upon which the plaintiff was arrested, in consequence of which they could not be received in evidence upon a trial. If this be the correct view of their relation to the charge upon which the plaintiff was arrested, then the ruling was right.    The provision of the Code of Civil Procedure (section 536) requires the defendant, in an action for a personal injury, if he have matter in mitigation, to plead it; and, if not so pleaded, it may not be available upon the trial of the action.    This result should lead the court to a careful scrutiny of the whole pleading, and if, in any possible view, the matter pleaded may be relevant, or have the bearing claimed for it, it should not be stricken out.    Bradner v. Faulkner, 93 N. Y. 515; Jeffras v. McKillop & Sprague Co., 2 Hun, 351; Town of Essex v. New York & C. R. Co., 8 Hun, 361; Walter v. Fowler, 85 N. Y. 621.    In an action for malicious prosecution it is incumbent upon the plaintiff to prove that the prosecution was instituted maliciously and without probable cause.    If the circumstances are such that they furnish a reasonable ground of suspicion, the plaintiff will be justified in acting upon such appearance.    If their strength be such that a discreet and prudent person would be led to the belief that the accused had committed a crime, it is sufficient, even though the appearances be misleading, and the person is in fact innocent.    Fagnan v. Knox, 66 N. Y. 525; Anderson v. How, 116 N. Y. 336, 22 N. E. 695.

Reading this pleading in the light of these rules, we find the pleader stating, in the eleventh paragraph of the answer, that, before applying for the warrant, he caused the books of the company to be examined, and made examination of them himself; that from such examinations he found discrepancies and irregularities, including the misappropriation for which the arrest was made, and also the conversion of the notes and their proceeds, as set out in the ninth and tenth paragraphs of the answer.    We think that the matter thus alleged was pertinent to the issue, and that evidence of what the books contained, if they support the averments of the answer, may become pertinent and competent evidence, bearing directly upon the question of probable cause and of malice.    If an examination of the books established the conversion of notes, money, or property of the company by the plaintiff covering the period of time, or a portion of it, when the plaintiff was connected with the company, and the defendant, from an examination of the entries therein, was honestly led to the belief that the plaintiff had misappropriated the moneys of the company, a jury might find therefrom that he was justified in acting upon such appearance in causing the arrest.    The fact that one particular offense was selected out of many would not necessarily exclude from consideration the other offenses appearing in the books if the defendant had knowledge of them, and from a consideration of them was influenced in his belief that the plaintiff had committed the crime with which he was charged.    Upon the trial of an indictment, where motive and intent is an ingredient of the crime charged, it is competent to show "associated transactions, facts, and circumstances relating to knowledge and purpose," even

though it show the accused to be guilty of independent crimes. People v. Lyon, 33 Hun, 623. This case was reversed upon appeal, but this rule was not disturbed. It remains the established law, as appears by the authorities cited to support it on page 632, and by numerous others. People v. Harris, 136 N. Y. 423, 450, 33 N. E. 65; People v. Dailey, 73 Hun, 16, 25 N. Y. Supp. 1050.

There is a distinct analogy existing between the establishment of knowledge and intent and of malice and probable cause, and associated facts and circumstances may be used for the latter as well as the former purpose. We are not now called upon to say whether the transactions appearing in the books are admissible in evidence or not. It is quite clear that they may be, and, as the defendant might be deprived of their benefit for the purpose for which he has put in his plea, it furnishes a sufficient answer to the motion to strike out. Bradner v. Faulkner, 93 N. Y. 515. It does not necessarily follow that the testimony of other offenses than the one charged is not to be received in evidence, although there exists a considerable period of time before or after such offense and the others. If they are so associated and connected in the business transactions of the plaintiff with the company as to form continuous acts of like character, or relate intimately to the offense charged, although not immediately connected with it, then it is quite possible that evidence of them might be given for the purpose for which they are pleaded. We are of opinion, therefore, that it was error to strike out the ninth, tenth, and eleventh paragraphs of the answer. As to the eighth paragraph, we think it was properly stricken out, as nothing therein contained seems to be relevant to the issue. The order should be reversed so far as it relates to the ninth, tenth, and eleventh paragraphs, and affirmed as to the eighth paragraph, without costs.

Order modified as stated in the opinion, and, as modified, affirmed. without costs. All concur.