TRADESMEN'S NAT. BANK OF CITY OF NEW YORK v. UNITED STATES
TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

PLEADING—MATTERS OF EVIDENCE—MOTION TO STRIKE OUT.
    Under Code Civ. Proc. § 545, providing that irrelevant matter in a pleading may be stricken out on the motion of a person "aggrieved" thereby, the mere fact that paragraphs of an answer complained of are allegations of evidence, and nothing else, is no ground for striking them out, as plaintiff is not harmed thereby.

Appeal from special term, New York county.

Action by the Tradesmen's National Bank of the City of New York against the United States Trust Company of New York. From an order denying a motion to strike out portions of the answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Joseph F. Perdue, for appellant.
Edward W. Sheldon, for respondent.

PER CURIAM. It is quite true, as the appellant insists, that the paragraphs of the answer which are complained of are allegations of evidence, and nothing else, and it is also true that to put such allegations in an answer is not good pleading; but the court does not strike out allegations for that reason only. Motions of this kind are not to be encouraged, and should not be granted unless the party complaining is aggrieved by the presence in the pleading of the matter complained of. Code Civ. Proc. § 545; Lugar v. Byrnes (Sup.) 1 N.

Y. Supp. 262. It cannot be said that the plaintiff is aggrieved by the retention of these allegations in the answer. The statute prescribes that all allegations in an answer are to be deemed controverted. If the plaintiff were likely to be called upon to reply to these allegations, it might very possibly be that it would be aggrieved, and it might properly ask to have them stricken out; but as they are there simply as statements of the evidence by which the defendant seeks to establish certain facts, and since the statute says that they are to be deemed to be controverted, and not admitted, we can see no reason why the plaintiff should complain of their presence.

The order is therefore affirmed, with $10 costs and disbursements.