Motion granted, with $10 costs.

---

(42 App. Div. 354.)

### GRANT v. HERALD CO.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. LIBEL—EVIDENCE.
   In an action for libel in charging plaintiff with a crime, and referring to an article previously published charging another with the crime, the first article is admissible in evidence in order to show fully the object of defend- ant in publishing the latter article.
2. SAME—EXEMPLARY DAMAGES.
   Where a jury finds that an article was published with reckless disregard of the rights of plaintiff, and without an investigation before publication, exemplary damages are allowable.
3. SAME—MITIGATION.
   Evidence of facts offered by way of mitigation is inadmissible, where the facts were not known to defendant at the time of the publication.

Appeal from special term, Cortland county.

Action by Minor Grant against the Herald Company. From a judgment on a verdict in favor of plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

T. E. Courtney, for appellant.
Horace L. Bronson, for respondent.

MERWIN, J. It was held in this case by the trial court, properly, we think, that the only question for the jury was one of damages. The publication of the articles complained of was, partially at least,

admitted by the answer, and proof was also made of the publication. There was no proof to the contrary. The defendant did not show that the charge against the plaintiff was true. There was no proof that prior to the publication the charge stated in the articles published had been made against the plaintiff. The charge, in substance, was that a young woman under 16 years of age had charged the plaintiff with the parentage of her illegitimate child. This was not shown to be true.

· The article, containing the charge against the plaintiff, was published on the 21st February, 1896. It referred to an article published by the defendant on the 17th February, with reference to the same occurrence, and in which the plaintiff was not named, but another person was named as being the person charged by the girl with the parentage of the child. In the article of the 21st, it is stated that the person named in the former article was not the man whom the girl charged, but that the plaintiff was. It was not error to admit both articles in evidence. Van Ingen v. Publishing Co., 156 N. Y. 376, 50 N. E. 979. Both were set out in the complaint. Both were needed in order to show fully the object and purpose of the defendant in publishing the latter, which was the article upon which the recovery was based.

It is urged that the charge of the court upon the subject of exemplary damages was erroneous, and that the error was so substantial as to entitle the defendant to relief, although no exception was taken. Punitive damages for libel are not limited to cases of actual malice, but may be awarded for a libel recklessly or carelessly published as well as one induced by personal ill will. Smith v. Matthews, 152 N. Y. 158, 46 N. E. 164, and cases cited.

The court charged that, if the jury found that the article was published with reckless disregard of the rights of the plaintiff, and without making the investigation before publishing the article which an article of that serious character would require, they might give exemplary damages. Of the charge in this form the defendant has no good ground to complain. Upon the facts, it was for the jury to say whether or not the libel was recklessly or carelessly published.

Our attention is called to numerous rulings of the court upon the admission or rejection of evidence, in regard to which the appellant claims that errors were made to its prejudice. These rulings we have examined, but find no reversible error. Some of these rulings related to the proof of facts offered by way of mitigation, and it did not appear that they were known to the defendant at the time of the publication. Hatfield v. Lasher, 81 N. Y. 247; Townsh. Sland. & L. § 361. The declarations of the mother of the child as to its paternity, not shown to have been made before the publication, were not competent. Nor can we fairly say upon the record before us that the verdict was excessive.

Judgment and order affirmed, with costs. All concur.