## MORGAN v. BENNETT.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

DAMAGES — LIBEL — FACTS IN MITIGATION — ABSENCE OF PUBLISHER — RULES GOVERNING EMPLOYES.

Under Code Civ. Proc. § 536, providing that in action for personal injury defendant may prove facts not a defense in mitigation of damages, the publisher of a newspaper cannot plead that he was absent at the time of the publication of an alleged libel, nor that he had made a rule that his employés should not publish any statement reflecting on any one until they had investigated the truth of such statement unless he shows that such rule was enforced.

Appeal from special term, New York county.

Action by Albert J. Morgan against James Gordon Bennett for libel. From an order denying a motion to strike out certain paragraphs of defendant's answer (59 N. Y. Supp. 825), plaintiff appeals. Order modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George C. Lay, for appellant.

Flamen B. Candler, for respondent.

McLAUGHLIN, J. This action is brought to recover damages alleged to have been sustained by the plaintiff by an alleged libelous publication which appeared on February 9, 1899, in the Evening Telegram, a newspaper published in the city of New York. The article complained of read as follows:

"Mr. Morgan's attitude has been most peculiar since Molineaux's name has been mentioned in connection with the Adams case. Although Morgan's name has been mentioned in the case,—it being said that he received a dose of poison, although at the time it was announced that he had suffered from an attack of typhoid fever,—he has refused to make any statement in explanation

of the peculiar rumors which have been in circulation. It is believed that Morgan could throw some light on the mystery which surrounds the death of Barnet, and possibly tell something about the circumstances concerning the death of Baldwin."

Immediately preceding the article as published, and as a part of it, was a picture of a yacht, and the words, "The Poison Yacht Viator." The defendant interposed an answer, and the plaintiff moved to strike out the second, third, and fourth partial defenses contained therein upon the ground that the same were, and each of them was, irrelevant, redundant, and scandalous. The motion was denied, and the plaintiff has appealed.

As to the second partial defense, we think the motion was properly denied. Section 536 of the Code of Civil Procedure provides that in an action to recover damages for a personal injury "the defendant may prove at the trial facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer." Where an answer is interposed, this section precludes a defendant from proving such circumstances by way of mitigation, unless set forth in the answer. Mitigating circumstances, while they do not constitute a total defense to an action for libel, are facts from which it may be found that the defendant acted without malice, and had reasonable ground to believe that the statements in the article were true. And it has been held that the rules by which the sufficiency of a pleading is ordinarily determined cannot be applied in all of their strictness to a partial defense pleaded by way of mitigating circumstances. Bradner v. Faulkner, 93 N. Y. 515. While the facts stated in the defense here complained of, if established upon the trial, would not constitute a total defense to the cause of action set out in the complaint, they would, nevertheless, be admissible as bearing upon the question of malice. The purpose of a motion to strike out is not to test the validity of a defense. That can only be done by demurrer, or by a motion to dismiss at the trial. Walter v. Fowler, 85 N. Y. 621; Hagerty v. Andrews, 94 N. Y. 195. The motion was, therefore, properly denied as to this defense.

But, as to the third and fourth separate and partial defenses, we think the motion should have been granted. These defenses are as follows:

"Third. For a third and partial defense, and as mitigating circumstances, the defendant will prove on the trial of the issues in this action that the publication complained against was made without the knowledge, consent, or assent of the defendant, and at a time when he was absent from the city of New York, and was in Europe, and without the personal knowledge of defendant, and without malice. Fourth. For a fourth and partial defense, and as mitigating circumstances, the defendant will prove on the trial of this action that it had been, and was at the time of the alleged publication mentioned in the said complaint in this action, the standing rule for the governance of the employés of the Evening Telegram, mentioned in the complaint as the newspaper in which the alleged publication was made, that nothing reflecting upon the reputation of any person or corporation should be published until, after strict investigation, the truth of the matter had been ascertained."

This court held, in McMahon v. Bennett, 31 App. Div. 16, 52 N. Y. Supp. 390, that the fact that the defendant was absent, and did not know of the publication, or that he had made rules for the gov-

ernance of his employés, unless the rules were enforced, was entirely irrelevant. We then said:

"Upon the trial it appeared in evidence that at the time of the publication the defendant was in Europe, and that he had no personal knowledge of the publication; that he had prepared and posted in the office of the newspaper a rule, which provided, in substance, that no article reflecting upon any person or corporation should be published until it had been investigated, and found to be true. But this did not relieve him, as contended by his counsel, from punitive damages, provided the jury found the article referred to was carelessly and recklessly prepared and published. The proprietor of a newspaper is responsible for whatever appears in the columns of his paper, and it is of no importance, so far as an action to recover damages is concerned, that the same was published without his knowledge. He must see to it, if he desires to escape liability, that articles are not published which unjustifiably injure the reputation or business of innocent people."

We fully indorse what was then said, and it so completely disposes of the question presented as to the third and fourth partial defenses that it is unnecessary to add anything further. It should be noted that there is no allegation that the rules referred to were enforced, or that any steps were taken prior to the publication to ascertain whether the facts stated in the article were true or not. A person cannot shield himself from damages for a libelous publication in a newspaper owned or conducted by him by absenting himself when the publication is made, or by establishing rules, no matter what they are, for the governance of his employés, unless such rules be enforced. It is not difficult to see, if such a rule of law prevailed, that a proprietor of a great newspaper could with impunity injure the reputation or destroy the business of any person in the community. Having provided the instrument for doing the injury, the publisher must be held liable for the damage done, unless there be a legal excuse or justification for the publication.

It follows that the order appealed from should be modified by striking out the third and fourth partial defenses pleaded, and, as thus modified, affirmed, without costs to either party. All concur.