O'BRIEN v. BENNETT.

(Supreme Court, Appellate Division, Third Department.   March 15, 1901.)

1. LIBEL—EVIDENCE—ADMISSIBILITY OF PUBLISHER'S RULES.
Evidence of the rules of a newspaper publisher, residing in Europe, prohibiting his employés from publishing any statement reflecting on any one without due investigation, are not admissible in an action for libel as bearing on the question of malice, but are only pertinent on the issue whether the article was published without due inquiry.

2. SAME—APPEAL—HARMLESS ERROR.
Where the rules of a newspaper publisher, residing in Europe, forbidding his employés from publishing any statement reflecting on any one without due investigation, are introduced in evidence in a libel suit against him without instructions limiting the application of such evidence, a judgment in favor of the defendant will be reversed, since it cannot be said that the jury did not understand that the making of such rules excused the defendant.

Kellogg, J., dissenting.

Appeal from trial term, Kings county.

Action for libel by Smith O'Brien against James Gordon Bennett. From a judgment in favor of the defendant, and from an order denying a motion for a new trial, plaintiff appeals.   Reversed.

The notice issued by the defendant to his employés, which was introduced in evidence in this case, was as follows:

"New York Herald, May, 1897.

"To the Editors, Subeditors, and All Others Engaged upon the New York Herald and the Evening Telegram:  You will please take notice that it is the imperative rule of this office that nothing reflecting upon the reputation of any person or corporation be published, either in the New York Herald or the Evening Telegram, until, after strict investigation, the truth of the matter has been ascertained.  This has always been the rule prevailing in this office. This notice is to bring the fact to your attention.

"By order                              . James Gordon Bennett."

Argued before PARKER, P. J., and KELLOGG, EDWARDS, and SMITH, JJ.

J. Newton Fiero, for appellant.
Jay & Candler, for respondent.

PARKER, P. J.   The rules which were issued by the defendant to his employés, and which were put in evidence over the plaintiff's objection, appertain to the question whether the libelous article was or was not published carelessly, and without a proper inquiry as to its truth; and they are pertinent to that question only.   They have no bearing whatever upon the question of malice.   The absence of the defendant from the country, and his ignorance of the publication, might bear on the question of his personal malice, but the promulgation of the rules does not touch or refer to it.   It was held in Morgan v. Bennett, 44 App. Div. 323, 60 N. Y. Supp. 619, and in McMahon v. Same, 31 App. Div. 16, 52 N. Y. Supp. 390, that the publication of such rules in no way excused the defendant from either compensatory or punitive damages in case his employés do not observe them; that, notwithstanding such rules, the defendant is liable for compensatory damages, if, in fact, the article published is a libel; and that he is

also liable for punitive damages, if, in addition to its libelous char-
acter, the employés published it without making proper inquiry to
ascertain its truth or falsity. See Grant v. Herald Co., 42 App. Div.
355, 59 N. Y. Supp. 84. It seems, therefore, from the above cases, that
the publication of the rules was a fact immaterial to any issue being
tried, and its introduction in evidence was error.

Was it a harmful error? We cannot say that it was not. The
jury are nowhere instructed as to any particular application of this
evidence. It was offered generally in the case, and received without
any limitation. We cannot say but that the jury understood that
the promulgation of such rules excused the defendant, although those
in charge of his paper published this article concerning the plaintiff
without malice, but without any reasonable inquiry as to its truth.
There was evidence before them upon that subject, and it may have
been that their verdict was made up on that theory.

For this reason the judgment must be reversed, and a new trial
granted, with costs to appellant to abide the event.

EDWARDS, J., concurs. SMITH, J., concurs in result. KEL-
LOGG, J., dissents.