void, so that no title is conveyed, upon subsequent proof of the insanity of the grantor would create great doubt and uncertainty as to the title to real estate. It would only be necessary for a grantor, or his heirs or devisees, at any time before the statute of limitations had run, to prove the insanity of the grantor to destroy a title valid upon its face. If such a conveyance is void, no terms can be imposed as a condition of avoiding it, although the lunatic has actually received the consideration, and the property has been improved relying upon the conveyance actually and properly executed. For this reason I think the action cannot be maintained, and that the dismissal of the complaint was proper. I should have considerable difficulty in sustaining this judgment upon the ground that the plaintiff had elected to affirm the deed by the commencement of the action against his agent, to whom it is alleged the consideration money was paid. It does not appear that at the time of the commencement of that action the plaintiff had any knowledge of the fact that the defendant claimed under a deed executed by him. The complaint in that action does not allege that the agent had received the consideration for this specific conveyance, and an election of remedies, to be enforced, must have been made after the party had full knowledge of the transaction; but the injustice of treating a deed executed as this was as absolutely void is apparent in this action. This plaintiff would be entitled to recover the property that his deed purported to convey, although he would also be entitled in his action against his attorney to recover the money that the attorney had received when acting in that capacity, and thus the plaintiff would get back his property, and would also retain the consideration that the defendant had paid for it.

(63 App. Div. 61.)

## MORSE v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. LIBEL—DEFENSES—MITIGATION OF DAMAGES—DEMURRER.
    Under Code Civ. Proc. § 508, providing that a partial defense may be set forth, and on demurrer thereto the question is whether it is sufficient for that purpose, and that matter in mitigation of damages in an action for a personal injury is a partial defense; and section 3343, subd. 9, providing that a personal injury includes libel,—a demurrer lies to a separate defense alleging facts in mitigation of damages in an action for libel.

2. SAME—PART OF SEPARATE DEFENSE.
    Where any fact alleged in a separate defense in an action for libel is competent in mitigation of damages, a demurrer to such defense is not well taken, though some of the facts are not sufficient.

3. SAME—SUFFICIENCY.
    Where, in an action for libel in the publication of an announcement of plaintiff's marriage, and that both she and her husband had been previously divorced under suspicious circumstances, defendant, by a separate defense, alleged in mitigation of damages the truth, setting out the judgment rolls, and that the divorces were fraudulent and collusive, all of which facts defendant knew prior to the publication of the alleged libel, which was claimed to have been made in good faith, without malice, it was improper to sustain a demurrer, since the facts alleged were competent on the question of malice and the real meaning of the article.

Appeal from special term, New York county.

Action by Mary K. Morse against the Press Publishing Company. From an order sustaining a demurrer to the second defense of defendant's amended answer, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellant.

Clinton E. Bell, for respondent.

INGRAHAM, J.    This action was to recover damages for a libel, and the question before us is upon a demurrer to certain allegations in the answer, which are designated "a second, separate, and distinct defense to the alleged cause of action in the amended complaint contained, and in mitigation of the alleged libelous matter therein contained." The complaint alleges that the libel charged that the plaintiff "had been guilty of the sin, offense, and misconduct of unchastity and adultery." When this cause was here on a former appeal (63 N. Y. Supp. 423), we held that by the complaint the plaintiff charged that the words of libel imputed to her unchastity and adultery, and that she must stand or fall by this charge; that in the complaint the plaintiff had by her innuendoes limited and confined her charge to an imputation of unchastity and adultery; and that, should the jury find against the plaintiff as to the alleged meaning of the particularized words, she must fail, for, as already pointed out, these words can have no other guilty meaning.    49 App. Div. 375, 63 N. Y. Supp. 423.    After this decision the defendant amended its answer, setting up the defense demurred to, which demurrer was sustained at special term, and it is from the judgment entered thereon that this appeal is taken.    The defendant upon this appeal insists that no demurrer lies to a separate defense which alleges facts in mitigation of damages, but we think this demurrer is allowed by section 508 of the Code. That section provides that:

"A partial defense may be set forth as prescribed in the last section. * * * Upon a demurrer thereto the question is whether it is sufficient for that purpose. Matter tending only to mitigate or reduce damages, in an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, is a partial defense, within the meaning of this section."

By subdivision 9 of section 3343 of the Code it is provided:

"A personal injury includes libel, slander, * * * or other actionable injury to the person either of the plaintiff, or of another."

It seems clear, upon a demurrer to a special defense alleging matter tending only to mitigate or reduce damages in an action for libel, the question is whether the matter alleged is competent to be received on the trial in mitigation of damages. Robinson v. Publishing Co., 39 App. Div. 525, 57 N. Y. Supp. 303.    The learned judge, in deciding this case at special term, held that if the defendant proved all the facts set forth in the defense the judge at the trial would not be justified in submitting them as mitigating circumstances to the jury; but we think that at least some of the facts set up in mitigation of damages are sufficient for that purpose.    Whether or not all the

facts alleged would be admissible, it is not necessary to discuss. If any fact thus alleged is competent, the demurrer to the whole defense is not well taken, as there cannot be a demurrer to a part of a separate defense. The alleged libel states the fact of the marriage of the plaintiff to a Mr. Morse, the fact that both of the parties to this marriage had been married before, that the plaintiff had obtained a divorce from her husband, and that the person to whom she was married was also divorced from his wife. The truth of these facts are alleged in the defense demurred to, and, as part of this defense, copies of the judgment rolls in the actions in which the plaintiff obtained her divorce from her husband, and in which the wife of the plaintiff's present husband obtained her divorce from him, are annexed. It is also alleged that both actions for divorce were fraudulent and collusive, and that these facts were all known to the defendant prior to March 16, 1898, the date of the publication of the alleged libel. It is further alleged in this defense that the publication was in good faith and in the public interest, and without any malice whatever towards either the plaintiff or any other person, and with the honest and worthy purpose of serving the public and supplying proper items of news of current interest, and for no other purpose, and, further, in the belief on the part of the defendant that the said article or matter complained of was true, and that the defendant, in publishing the said matter or article, relied upon the matters alleged to have been known to it prior to date of the said publication. As was said in Bradner v. Faulkner, 93 N. Y. 518:

"The determination of this question must always rest largely in the discretion of the trial judge. Facts which might justly be regarded under some circumstances to constitute a proper subject for the mitigation of damages under different circumstances might be entirely immaterial, depending largely upon the case which should be made by the plaintiff in the action. The border line between such facts as are properly receivable in mitigation and those which are inadmissible for such purposes cannot with accuracy be defined preliminary to the trial. The fact that a party should be precluded from giving evidence of those mitigating circumstances which do not appear in his answer should lead courts to great caution in exercising the power of striking out matter pleaded either as a whole or partial defense, and it should never be done unless it is clear that under no possible circumstances could the matter pleaded have the bearing claimed for it."

See, also, Morgan v. Bennett, 44 App. Div. 323, 60 N. Y. Supp. 619, where it is said:

"And it has been held that the rules by which the sufficiency of a pleading is ordinarily determined cannot be applied in all of their strictness to a partial defense pleaded by way of mitigating circumstances."

The publication upon which this action is founded is alleged by the plaintiff to charge unchastity, and the right of the plaintiff to recover damages depends upon the construction to be given to the publication as a whole. It is in commenting upon the relations that existed between the plaintiff and the person whom she subsequently married, from which it is sought to be inferred that the plaintiff's characterization of the publication is correct. The question as to whether or not the publication bears the construction placed upon it by the plaintiff is a question to be determined upon the trial, and I do not think that it can be said on demurrer that a truthful state-

ment of the circumstances surrounding the litigation which resulted in the plaintiff's obtaining a divorce from her former husband, and the relation that existed between the plaintiff and the man that she subsequently married before the divorce was obtained, and which were known to the writer of the article, is not competent upon the question as to the real meaning of the publication complained of; but I do not think that there is any doubt but that these facts which the writer of the article had in mind when he wrote it are competent evidence upon the question of actual malice. The plaintiff would be entitled to an instruction to the jury that if they found the defendant guilty of actual malice, they could give her punitive damages, and upon this question of actual malice the defendant would be entitled to present to the jury just what knowledge had been communicated to its responsible officers as to the circumstances surrounding the relations that existed between the plaintiff and her husband and the plaintiff and the person whom she subsequently married. Thus, Judge Peckham, in Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270, says:

"Mitigating circumstances are those which, while not proving the truth of the charge, do yet tend in some appreciable degree towards such proof, and thus permit of an inference that defendant was not actuated by malice in his charge. They must be of such a nature as to show that defendant, though mistaken, believed the charge to be true when it was made. The mitigating facts must be connected with or bear upon the defamatory charge. * * * The circumstances must otherwise be such as tend to disprove malice, by showing that the words were spoken in the honest belief that they were true, with some reason for such belief, and without actual malice or evil design."

See, also, Morgan v. Bennett, supra; Hatfield v. Lasher, 81 N. Y. 246.

If the facts alleged in this separate defense are proved, the substantial truth of the article published, except so far as it contains the charge of unchastity, is established; and, certainly, in determining the question as to whether the publication as a whole was actuated by actual malice, it would be most material for the jury to have before it a knowledge of how far the facts alleged in the publication were true, and were within the knowledge of the author of the article complained of. If there was absolutely no authority for the article as a whole, if the plaintiff never had obtained a divorce from her former husband, and if she had no relations of any kind with the person that she afterwards married, and the defendant had manufactured the whole story without any information upon the subject, a very different question would be presented upon the question of actual malice than if all of the facts contained in the publication were true, except the inference of unchastity upon which the plaintiff's cause of action is based.

I think, therefore, that the learned trial judge was not justified in sustaining the demurrer to this defense, and that the judgment appealed from should be reversed, with costs, and the demurrer overruled, with costs, with leave to the plaintiff to withdraw the demurrer on payment of costs in this court and in the court below. All concur; O'BRIEN, J., in result.