### BROWN v. McARTHUR.

(Supreme Court, Appellate Division, Third Department.  June 29, 1905.)

LIBEL—MITIGATION OF DAMAGES—PUBLICATION OF CURRENT REPORTS.

In an action for libel with malice, a defense in mitigation of damages, alleging that the things stated in the complaint were reported and believed, prior to the time of publication, in the neighborhood where the parties resided, but not alleging that defendant heard the reports and believed them to be true, and published them with such belief, stated no defense.

Appeal from Trial Term, Washington County.

Action by Margaret Brown against James L. McArthur.  From an interlocutory judgment overruling a demurrer to a partial defense, plaintiff appeals.  Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Harold D. Alexander, for appellant.

Edgar T. Brackett (Hiram C. Todd, of counsel), for respondent.

HOUGHTON, J.  In an action for libel, with malice, the defendant pleaded as a separate defense and in mitigation "that the matters and things stated in the complaint were reported and believed in and about the village of Granville prior to the time of said publication; that, as defendant is informed and believes, said publication was made in good faith, as a matter of news, without malice." To this plea the plaintiff interposed demurrer that it was insufficient in law upon its face.  We are of opinion that the demurrer was good, and should have been sustained.  While it is true that the rules by which the sufficiency of a pleading is ordinarily determined cannot in all their strictness be applied to a partial defense pleaded by way of mitigating circumstances in an action for libel (Morgan v. Bennett, 44 App. Div. 323, 60 N. Y. Supp. 619), and that not only the facts directly alleged, but those which by fair and reasonable intendment may be implied from the direct allegations, are good on demurrer (Wenk v. City of New York, 171 N. Y. 607, 64 N. E. 509), yet it seems to us that the vital defense sought to be pleaded has been omitted, and cannot be read into the answer.  The defendant does not plead that he heard the reports and believed them to be true, and published them so believing.  The fact that

reports were current similar to those published would not aid the defendant upon the trial unless they had come to his ears, and he had believed them to be true and published them accordingly. If the defendant proved all the facts set forth in the defense, the trial court would not be justified in submitting them as mitigating circumstances to the jury, for they would lack the element of defendant having heard the reports and his belief in their truth. "Mitigating circumstances are those which, while not proving the truth of the charge, do yet tend in some appreciable degree towards such proof, and thus permit of an inference that defendant was not actuated by malice in his charge. They must be of such a nature as to show that defendant, though mistaken, believed the charge to be true when it was made." Mattice v. Wilcox, 147 N. Y. 634, 42 N. E. 270. The demurrer in Morse v. Press Publishing Co., 63 App. Div. 61, 71 N. Y. Supp. 348, was overruled because a portion of the answer alleged facts which tended to mitigate damages. None of the facts here alleged tend in mitigation, because of defendant's lack of knowledge and belief in the truth of the rumors. The allegation that publication was made in good faith as matter of news does not, we think, meet the requirement of knowledge and belief.

The interlocutory judgment overruling the demurrer must be reversed, with costs, and the demurrer sustained, with costs, with the usual leave to plead over on payment of costs of the trial court and of appeal. All concur.