(108 App. Div. 294.)

RANKIN v. BUSH–BROWN et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

PLEADING—IRRELEVANT ALLEGATIONS IN ANSWER.

The validity of a defense set up in an answer should be determined by demurrer or upon the trial, and not by a motion to strike it out as irrelevant.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1093.]

Appeal from Special Term, New York County.

Action by George C. Rankin, as receiver of the Elmira National Bank, against Henry K. Bush-Brown, impleaded with John J. Bush and another. From an order striking out certain allegations of the answer, defendant Bush-Brown appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

C. Tracey Stagg, for appellant.
Edward B. Whitney, for respondent.

INGRAHAM, J. Without expressing any opinion upon the validity of the facts alleged in the answer which were stricken out by the court below as irrelevant as a defense to the plaintiff's cause of action, I do not think that these allegations are so plainly irrelevant as to justify the court in striking them out. This answering defendant is a surety upon a bond given to the Elmira National Bank by John J. Bush, who was its cashier. The portions of the answer stricken out substantially determine the validity of a separate defense, and the validity of such a defense should be determined by demurrer or upon the trial, and not by a motion to strike out as irrelevant. Smith v. American Co., 77 Hun, 192, 28 N. Y. Supp. 329. I think the defendant should be allowed to set forth these facts and have the court determine, upon the trial of either an issue of law or an issue of fact, the question as to whether any defense is alleged.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.