(122 App. Div. 556.)

### CITY REAL ESTATE CO. v. KING et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

PLEADING—MOTIONS—STRIKING IRRELEVANT MATTER.

> A complaint alleged that one of defendants executed to plaintiff a bond, secured by mortgage on real estate, and thereafter conveyed the realty to the other defendant, and agreed with the grantee to pay the bond, but that default had been made in payment and a judgment was sought against the grantor defendant, and it was prayed that in case execution should be returned unsatisfied as to any portion of the debt the premises in question might be sold, etc. Held, that an objection that the complaint joined an action at law on the bond and one in equity for foreclosure could not be raised by a motion to strike as irrelevant the allegations as to the agreement between defendants.

Appeal from Special Term.

Action by the City Real Estate Company against William F. King and another. Appeal by plaintiff and defendant Martha K. King from

an order striking out as irrelevant certain allegations of the complaint. Reversed, and defendants' appeal dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Strong & Cadwalader (Edward E. Sprague, of counsel), for appellant City Real Estate Company.

Huntington, Rhinelander & Seymour (David B. Ogden, of counsel), for appellant King.

Harris, Corwin, Gunnison & Meyers (John H. Corwin, of counsel), for respondent King.

CLARKE, J. The complaint alleges in substance that on or about the 15th day of October, 1901, the defendant, William F. King, executed and delivered his certain bond in the penal sum of $100,000, with the condition thereunder written that if said William F. King should well and truly pay or cause to be paid the just and full sum of $50,000 on the 15th day of November, 1904, and the interest thereon to be computed from the 15th day of October, 1901, at the rate of 4½ per cent. per annum and to be paid semiannually on the first days of April and October in every year until the said principal sum should be fully paid, then the said bond to be void, otherwise to remain in full force and effect; that in order to secure payment of the said sum the said William F. King executed and delivered as collateral security for the payment of the said indebtedness an indenture of mortgage upon certain described real estate bearing even date with the said bond and conditioned for the payment of said sum of money mentioned in the condition of said bond, and the interest thereon at the time and in the manner mentioned in the said condition; that subsequent to the execution and delivery of the said bond and mortgage, and on or about the 30th day of December, 1902, said defendant William F. King duly executed and delivered to the defendant Martha K. King his certain deed whereby the said William F. King granted and released unto the defendant Martha K. King all and certain the said described mortgaged premises, subject only to all covenants and restrictions contained in former deeds of said premises, and in and by the said deed of conveyance the said William F. King did covenant with the said Martha K. King that the said premises were free from incumbrances, except said restrictions, and that he, the said William F. King, would execute or procure any further necessary assurances of the title to the said premises, and would forever warrant the title to the said premises, which said deed was duly recorded; that simultaneously with the delivery of the said deed said William F. King did, for a good and valuable consideration, agree with the said defendant Martha K. King that he would pay the bond hereinbefore set forth secured by the above-mentioned mortgage covering the premises so conveyed as aforesaid, to the end that the said defendant Martha K. King should have, hold, and enjoy the said premises free and clear of the incumbrance of the said mortgage; that the defendant William F. King has made default in payment of his said bond which became due and payable

on the 15th day of October, 1904, and that there is now due upon the said bond the sum of $50,000 with interest from 1906 to be computed at the rate of 4½ per cent. per annum; that no other action has been brought to recover the said mortgage debt or any part thereof; that the defendant William F. King is primarily liable for the payment of the said bond; and that by reason of his covenants and agreements hereinabove alleged with the said defendant Martha K. King she is entitled to have the remedies of the plaintiff upon the personal obligations of the defendant William F. King exhausted before resort should be had to the lien of said mortgage upon her said real estate.

Plaintiff prayed for judgment in the first instance against the defendant William F. King for the said sum of $50,000, with interest, and that the plaintiff have execution therefor, and that in case such execution should be returned in whole or in part unsatisfied the premises described might be decreed to be sold according to law and the moneys arising from said sale be brought into court; that the plaintiff be paid the amount remaining due from said bond and mortgage, with interest and costs; that the defendants and all persons claiming under them or either of them be barred and foreclosed of all right, title, interest, claim, lien, or equity of redemption of and to the said premises and every part thereof; and that the plaintiff have such other and further relief as shall be just and equitable.

The complaint, therefore, attempts to set up a cause of action to recover upon a bond, and, upon failure of collection of the amount due upon said bond, to foreclose the mortgage given as collateral security to secure the payment of the sum due upon said bond. From the allegations which set forth the conveyance to the defendant Martha K. King of the property covered by the mortgage subsequent to the execution and delivery of the bond and mortgage, together with the agreement of William F. King with Martha K. King that he would pay the bond secured by the mortgage to the end that Martha K. King should have, hold, and enjoy the said premises free and clear of incumbrance of said mortgage, it is clear that the object of the plaintiff is to first obtain the payment of the amount due upon the bond. In that event the defendant Martha K. King would hold the property freed from the obligation of said mortgage; and, second, that it is only upon a failure to collect from the bond that a foreclosure of the mortgage is prayed.

The defendant William F. King, claiming that an action at law upon the bond and an action in equity to foreclose the mortgage could not be joined in one action, and, as the complaint contained all the allegations necessary in an action of foreclosure, the action was in fact in equity for a foreclosure, moved to strike out the allegations of the complaint referring to the stipulations and agreements between William F. King and Martha K. King as irrelevant. The learned court at Special Term granted the said motion, and from the order entered thereon plaintiff and the defendant Martha K. King appeal.

The pleader has brought all the facts before the court, the bond, the sale of the property, the collateral agreement, and the mortgage, and has asked the court to settle all questions between the parties and

to so deal with the facts as to carry out the intention and agreement of the parties and give the appropriate remedy. The respondent asked the court to make for the pleader a complaint other than the one which he deemed proper and wise by striking out allegations which are appropriate to the judgment which he prays, and the court at Special Term has granted his request.

If causes of action have been improperly joined, if the complaint is susceptible to attack as matter of law or matter of fact, the proper way to settle such questions is by raising an issue at law by demurrer or upon the trial by proper motion or objection to evidence. It seems to us that a motion to strike out is· an improper method of raising such questions. It is an attempt to try issues of law in a way not contemplated or authorized by the Code. So long as the allegations are appropriate to the cause of action set up, and tend to support the relief prayed for, they can scarcely be said to be irrelevant, though they may seem so to the party who desires a different issue tendered from that set up by the pleader.

We express no opinion upon the questions sought to be raised by the motion because not raised in the proper manner. Confining ourselves to the order appealed from we think it should not be sustained upon the authority of Bradner v. Faulkner, 93 N. Y. 515, where it was said:

"It is proper for us to say here that those questions which may properly be raised to a pleading upon demurrer, or upon objections to the evidence offered thereunder, are not necessarily presented by motion to strike out. On such a motion, if the facts alleged could in any form of relation be material to be proved upon the trial, the court will not strike them out."

And Rankin v. Brush Brown, 108 App. Div. 294, 95 N. Y. Supp. 719, where it was said:

"The portions of the answer stricken out subsequently determine the sufficiency of a separate defense, and that question should be determined by. demurrer or upon the trial, and not by a motion to strike out as irrelevant."

The order appealed from should be reversed, and the motion denied, with costs to the plaintiff appellant, and the appeal of the defendant appellant should be dismissed, with costs to respondent. All concur.