ALONZO BRADNER, Respondent, *v.* LESTER B. FAULKNER, Appellant.

*It seems,* that under the provision of the Code of Civil Procedure (§ 536), providing that in an action to recover damages for an injury to person or property, " the defendant may prove at the trial, facts, not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, *if they are set forth in the answer,*" a defendant in such an ac- tion is precluded from proving circumstances by way of mitigation only, which are not so set forth.

The rules by which the sufficiency of pleading is ordinarily determined, *i. e.,* materiality and relevancy, may not be strictly applied to allegations in an answer of facts by way of mitigation.

Such allegations should not be stricken out on motion, unless it is clear that under no possible circumstances could the matter pleaded have the bearing claimed for it.

In an action for false imprisonment and malicious prosecution, the defend- ant may allege in mitigation facts tending to show that what he did was done without malice, and that he had a right to suppose there was rea- sonable cause for his action.

In such an action the illegal arrest complained of was under an attach- ment, in proceedings instituted under the act of 1858 (§ 1, chap. 190, Laws of 1858), enlarging the powers of boards of supervisors, to punish for an alleged contempt in disobeying a subpœna issued by defendant as chairman of a committee of the board of supervisors of L. county; which committee was engaged in an investigation as to the validity of the title of plaintiff and others to the office of railroad commissioners of a town in that county. The answer set up in mitigation various irregu- larities and acts of official misconduct on the part of said commissioners; that charges against them because thereof were made to the board of supervisors, in consequence whereof such investigation was instituted, and that defendant issued the subpœna and instituted the attachment proceedings in the belief that the board had jurisdiction, and that said statute authorized the proceedings. The court, on motion, struck out the averments as to the irregularities and misconduct of the commis- sioners. *Held* error.

(Argued October 2, 1883; decided October 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made at the October term, 1882, which affirmed an order of Special Term striking out as irrelevant certain portions of defendant's answer herein.

The complaint in this action contained two counts. The first for false imprisonment, the second malicious prosecution, both growing out of the same transaction — that is, the procuring the arrest and imprisonment of plaintiff under a warrant of attachment in proceedings to punish him for contempt in disobeying a subpœna issued by defendant as chairman of the board of supervisors of Livingston county.

The substance of that portion of the answer stricken out is set forth in the opinion.

*Chas. J. Bissell* for appellant. The matter stricken out by the order of the court below was properly pleaded, and evidence of the facts, if pleaded, was admissible upon the trial of the action, to rebut the presumption of malice, and to mitigate the punitive damages, and the order striking out these facts as irrelevant was erroneous. (*Barr* v. *Shaw*, 10 Hun, 580; *Walter* v. *Fowler*, 85 N. Y. 621; *Littlejohn* v. *Greeley*, 22 How. Pr. 345; *McGregor* v. *McGregor*, 35 id. 385; *Town of Essex* v. *N. Y. etc., R. R. Co.*, 8 Hun, 361; 2 Wait's Pr. 482–3–4.) In actions of libel and slander, the defendant may set up in his answer and prove upon the trial, in mitigation of damages, any facts which legitimately tend to prove the absence of malice, and this with or without a justification or other defense. (*Bush* v. *Prosser*, 11 N. Y. 347; *Dolwin* v. *Wilder*, 34 How. Pr. 488; *Hatfield* v. *Lasher*, 17 Hun, 23; 81 N. Y. 246; Code of Civil Procedure, § 536; *Wandell* v. *Edwards*, 25 Hun, 498.) The complaint being for two causes of action, arising from the same state of facts, to one of which defendant claims to have an absolute defense, he was bound to answer, for he cannot compel the plaintiff to elect upon which count he will proceed until the trial. (*Barr* v. *Shaw*, 10 Hun, 580.) The proper remedy was by demurrer, and not by motion to strike out. (Code, §§ 494, 545; *Walter* v. *Foster*, 85 N. Y. 621.)

*J. R. Van Derlip* for respondent. Defendant is responsible for the institution of the proceedings in which the plaintiff was arrested. (87 N. Y. 171.) The order of the Supreme Court

is not appealable to this court. It was a discretionary order. (*Briggs* v. *Bergen*, 23 N. Y. 162; *Armstrong* v. *Weed*, 62 id. 250; *Jones* v. *Ludlum*, 74 id. 61; *Edwards* v. *Roof*, 82 id. 425; *Martin* v. *Windsor*, 70 id. 101; *Sprague* v. *Dunton*, 14 Hun, 490; *Lawrence* v. *Farley*, 73 N. Y. 187.)

RUGER, Ch. J. It is provided by section 536 of the Code of Civil Procedure, that in an action to recover damages for a personal injury, " the defendant may prove at the trial, facts, not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer."

This section would seem to preclude the defendant from proving such circumstances, by way of mitigation only, as are not set forth in the pleadings. It is of the essence of mitigating circumstances that they do not constitute a total defense to the action, but are those facts from which the party acting upon them might reasonably suppose that the offense, for the punishment of which the prosecution was instituted, had been committed by the defendant therein. It also follows, from this fact, that the rules by which the sufficiency of a pleading is ordinarily determined, viz., materiality and relevancy, cannot be applied in all of their strictness to a partial defense by way of mitigating circumstances.

The real question to be determined on this appeal is whether the various facts set up in the answer are of such a character as might reasonably cause a party to suppose that they brought the plaintiff within the jurisdiction of the board of supervisors, under section 1 of chapter 190 of the Laws of 1858. This section provides that " Whenever the board of supervisors of any county shall deem it necessary or important to examine any person as a witness, upon any subject or matter within the jurisdiction of such board, or to examine any officer of the county," etc., they have power to require such person to appear before the board, and for a neglect or refusal to obey such subpœna, such person may, by appropriate proceedings, be attached as for a contempt.

It was under this statute that the proceedings were had out of which grew the alleged cause of action set forth in the plaintiff's complaint.

It has been held by this court that this statute did not justify the proceedings taken by the defendant against the plaintiff. (*In re Bradner*, 87 N. Y. 171.)

Notwithstanding this determination the defendant still insists that the circumstances out of which such prosecution grew may still be pleaded and proved by way of mitigating damages, or rebutting the implication of malice in instituting such prosecution, and also as furnishing probable cause as defense to the second count of the complaint.

It must always be a difficult matter to determine from the pleadings alone, just what matters may properly be put in evidence, in any particular stage of an action for malicious prosecution, to show the causes which induced a party to institute the prosecution of another. The determination of this question must always rest largely in the discretion of the trial judge. Facts which might justly be regarded, under some circumstances, to constitute a proper subject for the mitigation of damages, under different circumstances might be entirely immaterial, depending largely upon the case which should be made by the plaintiff in the action. The border line, between such facts as are properly receivable in mitigation, and those which are inadmissible for such purposes, cannot, with accuracy, be defined preliminarily to the trial.

The fact that a party would be precluded from giving evidence of those mitigating circumstances which do not appear in his answer should lead courts to great caution in exercising the power of striking out matter pleaded, either as a whole or partial defense, and it should never be done unless it is clear that under no possible circumstances could the matter pleaded have the bearing claimed for it. It has been held that if the pleading sought to be stricken out contain the semblance of a cause of action or defense, that it ought not to be changed by the court. (*Walter* v. *Fowler*, 85 N. Y. 621.)

The complaint in this case sets up two causes of action grow-

ing out of the same transaction, viz.: one for false imprisonment, and another for a malicious prosecution. It is competent for the defendant, even if he has been guilty of causing the illegal imprisonment of the plaintiff, to prove in mitigation of damages that what he did, was done without malice, and for what he had a right to suppose was reasonable cause for his action. In defense of the count in the complaint for malicious prosecution he has the right to prove that the prosecution was founded upon probable cause, and the further right to prove in mitigation of damages any circumstances which tended to show that he was not actuated by malice in its instigation. It is not necessary in such case for the plaintiff, in order to make out his case, to show affirmatively actual malice on the part of the defendant, but he may, on proving a *prima facie* case of the want of probable cause, rest, and rely upon the presumption of malice which the jury are authorized to make from the want of probable cause. In such case it would be incumbent on the defendant, if he were able to do so, to give affirmative evidence of such circumstances as tended to show that he was not actuated by malice in causing the alleged prosecution. It would therefore appear, that the existence of circumstances known to and believed by the defendant, and from which a reasonable and prudent man had the right to infer that the plaintiff had probably been guilty of the offense charged, if credited by the jury, be a partial or entire defense to the respective causes of action set up in the separate counts of this complaint. When it is considered that the jurisdiction of the supervisors over the matters which they might lawfully examine, under the act of 1858, had not at the time of the origin of this prosecution been adjudicated upon in the courts, or defined in any statute, it seems altogether probable that an unprofessional person might very well entertain a belief that a matter was within the jurisdiction of the board of supervisors, which subsequent litigation should determine in fact to be beyond their power. It would, therefore, be quite unjust to shut the defendant out from proving any facts connected with the alleged malicious prosecution, from which a jury might infer

that he believed, and had a right to believe, that the plaintiff had committed a probable offense.

It is immaterial to this discussion to inquire what matter may or may not be given in evidence under a general denial to the complaint. It is enough to say that it is competent for the defendant to plead specially, and give in evidence any facts which tend to rebut the existence of malicious motives on his part in causing the prosecution in question, and if the matters stricken out of the answer partake of that character, the order appealed from should be reversed.

It is also immaterial to the trial of this issue as to what the actual conduct of the plaintiff in connection with his office of railroad commissioner for the town of North Danville may have been. The only question is as to what the defendant was informed and believed as to such conduct at the time he instituted the prosecution in question. The issue on the question of malice is, whether the defendant, as a prudent and cautious man, had reason, from information which had come to his possession, to believe that the plaintiff had committed a punishable offense, and not at all, whether such offense had or had not in fact been committed.

The alleged malicious prosecution and arrest grew out of an attempt on the part of the board of supervisors of. Livingston county to investigate, among other things, the validity of the title of the plaintiff and others to the office of railroad commissioners of the town of North Dansville in that county. They were apparently incited to make such investigation by charges made, with more or less authority, of official misconduct and gross irregularities on the part of such commissioners in discharging their duties in connection with the management of the Erie and Genesee Valley Railroad Company, of whose stock they held a controlling amount, as the representatives, of the town of Dansville.

The question to be tried is whether the defendant as one of such supervisors, believing these charges against the plaintiff, and believing they subjected him to an investigation under the

statutes referred to, caused him to be subpœnaed before the committee of the board of supervisors, and upon his non-attendance there caused him to be prosecuted therefor under the provisions of chapter 190 of the Laws of 1858, or whether such prosecution was prompted by an alleged malicious desire to do the plaintiff harm.

The second count of the answer seems to consist of a history of the management of the Erie and Genesee Valley Railroad Company, for some years anterior to the prosecution, and which it is alleged was wholly influenced and controlled by the plaintiff. The matter stricken out of the answer by the orders appealed from relates wholly and exclusively to the conduct of the plaintiff in connection with the management of this railroad, either as railroad commissioner or railroad director, in both of which capacities he acted as the representative of the town of North Dansville. We cannot see why the portion stricken out was not quite as material to the defense as that which has been allowed to remain in the pleading, and it is difficult to discover the rule by which the discrimination has been made. Each and every one of the facts stricken out relate to the charges made before the board of supervisors, and which appeared to induce the prosecution complained of. It is quite likely that on the trial the court, in the exercise of its discretion as to the proof of immaterial or cumulative facts, may preclude the defendant from proving some of the matter set up, but such matter, being relevant, cannot be altogether stricken from the answer. The test of its relevancy is whether the jury would have the right to infer, from the defendant's knowledge and belief of the facts set up in his answer, and the circumstances surrounding the prosecution, that he believed the plaintiff had been brought within the jurisdiction conferred upon the board of supervisors by chapter 190 of the Laws of 1858. Knowledge of the manner in which the plaintiff conducted his representative duties as a railroad commissioner and director is quite as material and important as the knowledge that he was a railroad commissioner, or that there was a railroad corporation called the Erie and Genesee Valley Railroad Company, with

which as such company he had duties to perform for the town of North Dansville.

It must be borne in mind that this court has decided that the facts alleged against the plaintiff did not bring him within the jurisdiction of the board of supervisors, but that decision does not preclude the defendant from proving his belief in those facts, and his honest conviction that they rendered the plaintiff liable to the penalties imposed by the act of 1858.

It is proper for us to say here that those questions which may properly be raised to a pleading upon demurrer, or upon objections to evidence offered thereunder, are not necessarily presented by a motion to strike out. On such a motion if the facts alleged could in any form of relation be material to be proved upon the trial, the court will not strike them out.

We are of the opinion that the order appealed from was erroneous, and should be reversed, and the motion to strike out denied, with costs.

All concur, except EARL, J., not voting.

Order reversed.