(113 App. Div. 42)

### WALSH v. HYDE & BEHMAN AMUSEMENT CO.

(Supreme Court, Appellate Division, Second Department. May 9, 1906.)

1. APPEAL—MODIFICATION OF JUDGMENT.

In an action for personal injuries, the court authorized the jury to award compensatory and punitive damages, but directed them to divide such damages. The jury rendered a verdict for a specified sum for compensatory damages, and a specified sum for punitive damages. *Held*, that where the verdict for compensatory damages was justified, and the court erred in allowing punitive damages, the judgment will be modified by striking out the amount allowed for the latter.

2. DAMAGES—PUNITIVE DAMAGES—WHEN AWARDED.

Plaintiff was ejected from a theater though in possession of a ticket. Defendant's witnesses testified that plaintiff was drunk and was using obscene language, and that no more force than was necessary to eject him was used. It was not shown that the servants of defendant who ejected plaintiff were known to defendant to be improper servants, or that they had been guilty of conduct which should have given notice of their vicious tendencies. Defendant defended the conduct of the servants under the theory that plaintiff was drunk. *Held* not to authorize the jury to award punitive damages.

Appeal from Trial Term, Kings County.

Action by Percy Walsh against the Hyde & Behman Amusement Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Hugo Hirsh, for appellant.

John M. Ward, for respondent.

WOODWARD, J. The plaintiff was concededly ejected from the defendant's theater in the borough of Brooklyn on the evening of January 18, 1902. On the part of the plaintiff it is contended that he was thrown down three flights of stairs and badly beaten and bruised, such force being wholly unnecessary in ejecting him; that this was done while the plaintiff was in possession of a ticket entitling him to a seat, and without any provocation on his part. The defendant's witnesses testified to the effect that the plaintiff was drunk, and that he was using vile and obscene language, and that no more force than was necessary was used. The case was submitted to the jury, no motion to dismiss the complaint or for the direction of a verdict being made, upon a charge to which there was no exception upon the merits of the case, and the jury has found in favor of the plaintiff.

The learned court in its charge to the jury told them that if they reached the point where it was necessary to determine the amount of the damages, that the plaintiff was entitled to compensation for the pain and suffering, and also for the humiliation, and that they might go farther and "give him damages for the purpose of punishing the defendant." To this the defendant excepted, and if the matter had rested here we should be inclined to hold that the evidence

did not show a state of facts charging the defendant with liability for punitive damages, for it was not shown that the servants of the defendant who ejected the plaintiff were known to the defendant to be improper servants, or that they had ever been guilty of conduct which should have given notice of their vicious tendencies, though the fact that the defendant defended the conduct of its servants under the theory that the plaintiff was drunk, where it appears that he had not been drinking that day at all, might have a tendency to show ratification. But counsel for the plaintiff asked the court to permit the jury to divide the damages, stating what amount was found for compensation and what amount for punitive, and the court directed the jury to comply with this request, with the result that the jury found a verdict for $1,500 for compensatory damages; and $100 for punitive damages. This, it seems to us, protected the defendant. There can be no doubt that the charge of the court in respect to compensatory damages was clear and correct, no exception being taken to that portion of the instruction; and the jury having found that the damages sustained by the plaintiff by his injuries and for the humiliation which he suffered amounted to $1,500, so much of the verdict is entirely warranted by the evidence and affords no ground for complaint. As to the $100 for punitive damages, we are of the opinion that the evidence did not warrant the submission of that question to the jury, and that the judgment should be modified by striking out the $100, and, as thus modified, the judgment should be affirmed.

The judgment should be modified as suggested above, and, as so modified, should be affirmed, together with the order appealed from, without costs. All concur.