KORBER v. DIME SAVINGS BANK OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS—PROPER.

It is improper to require plaintiff to furnish a bill of particulars, stating whether he will claim exemplary damages on the trial; it being the function of the court to instruct when such damages are allowable.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

2. DAMAGES (§ 151*)—PLEADING—EXEMPLARY DAMAGES—NECESSITY.

It is not necessary that the complaint specifically ask for exemplary damages; it being for the trial court to instruct when the jury may allow such damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 420; Dec. Dig. § 151.*]

3. PLEADING (§ 317*)—BILL OF PARTICULARS—INJURY TO PROPERTY.

In an action for trespass to realty of which plaintiff was lessee, and for blocking the street by erecting a building on the adjoining land, the complaint alleged that by reason thereof plaintiff was compelled to quit the premises, and remove his goods, and engage temporary quarters for his business for the remainder of the term of his lease, and that, by reason of the several premises, the profits from plaintiff's business were greatly diminished. *Held* error to require of plaintiff a bill of particulars stating whether damages were claimed for loss to rental value, loss of profits, etc., or both, as plaintiff was entitled to any rule of damages applicable to his proofs, admissible under the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 317.*]

Hirschberg, P. J., and Burr, J., dissenting.

Appeal from Special Term, Kings County.

Action by Albert Korber against the Dime Savings Bank of Brooklyn and others. From an order requiring plaintiff to furnish a bill of particulars, he appeals. Affirmed, as modified.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec.- & Am. Digs. 1907 to date, & Rep'r Indexes

Henry M. Dater (George F. Elliott, on the brief), for appellant.
W. W. Taylor, for respondent.

GAYNOR, J. The complaint is for damages for trespass on real estate of which the plaintiff was lessee, and in the second cause of action for blocking the street and preventing access to the plaintiff's said premises, where he carried on business. The complaint alleges with great particularity every act of trespass and of obstruction committed by the defendants in erecting a building on the adjoining land, and that "by reason thereof the plaintiff was * * * compelled to quit the said premises and remove his goods therefrom and to engage temporary quarters for the purpose of his business and to maintain the same at an additional expense to himself for the remainder of the term of the lease of said premises," and then "that by reason of the said several premises the profits that would otherwise have accrued to plaintiff from his said premises were greatly diminished and impaired."

The learned court below has ordered the plaintiff to furnish a bill of particulars "setting forth the grounds" of his claim for damages, "to wit, whether damages are claimed for loss to the rental value, loss of profits, or exemplary damages, etc., or all of such." To order the plaintiff to say whether he will claim exemplary damages on the trial is an abuse of the office of a bill of particulars. It is for the learned trial judge in actions of torts to instruct the jury that they may add exemplary damages, or smart money, if the tort was malicious. It is not necessary that the complaint specifically ask therefor, much less that a bill of particulars should be furnished in respect of it. As to loss of profits, the complaint specifically alleges it. As to the damage to the rental value, the complaint specifically goes beyond that; and yet the proofs may be such that the damages cannot go beyond it. The plaintiff is entitled on the trial to any rule of damage that fits his proofs, admissible under the pleadings. If he is denied damages under one rule he may claim under another. This order goes altogether outside of the office of a bill of particulars, and is vexatious.

The order also requires an "itemized statement of the damages to his furniture, fixtures, and goods and wares." The only injury alleged thereto is by dust from the building material of the defendant. Although no such particulars are asked for in the moving papers, it may be that they were properly ordered, although it may be difficult to itemize such damage. The matter is minor, if not trifling.

The order should be modified in accordance with this opinion, and as modified affirmed, without costs.

JENKS and RICH, JJ., concur. HIRSCHBERG, P. J., and BURR, J., dissent.