JOHN F. JONES, Plaintiff, *v.* CLARE A. PICKARD, Defendant.

(Supreme Court, Erie Special Term, August, 1917.)

False imprisonment — allegations of complaint in action for — trial — jury — damages — pleading — executions — malice.

In an action for false imprisonment it is not necessary to show want of probable cause or malice in the sense of ill-will or even recklessness.

In such an action, the jury may consider the quality of the act and the intent with which it was done and, if it is found that there was ill-will or recklessness involved, to award punitive damages, and it is only to meet the claim for such damages that mitigating circumstances may be shown.

The complaint in an action for false imprisonment alleged substantially that the defendant wantonly and recklessly caused an execution against the person of the plaintiff to be issued without lawful authority and in violation of the laws of the state of New York and of the United States and in violation of the rights and the liberties of the plaintiff, by which he suffered great indignities and was in prison in a certain designated county jail. As a partial defense and in mitigation of damages the answer alleged that defendant was of the opinion that the execution mentioned in the complaint and growing out of a judgment recovered by him against plaintiff in a certain action in which plaintiff herein was plaintiff and defendant herein and others were defendants was a proper process to be issued and delivered to the sheriff in actions of the kind and character upon which said execution was issued; that it was issued by defendant herein without any malice and in the orderly course of his business; and it was further alleged in and by said partial defense that any act or deed of defendant in connection with the issuance of the execution referred to in the complaint did not cause plaintiff herein any damages whatsoever or affect in any way his character or standing in the community in which he resided. The character of the previous action was not stated and there was no allegation showing the reason for the alleged opinion of defendant. *Held,* that a demurrer to said partial defense will be sustained.

DEMURRER to a separate partial defense.

Robert H. Jackson and Benjamin S. Dean, for plaintiff.

Albert E. Nugent, for defendant.

SEARS, J. This action is for false imprisonment, the complaint alleging substantially that the defendant wantonly and recklessly caused an execution against the person of the plaintiff to be issued without lawful warrant or authority and in violation of the laws of the state of New York and of the United States and in violation of the rights and liberties of the plaintiff, by virtue of which the plaintiff suffered great indignities and was imprisoned in the Chautauqua county jail.

The partial defense to which plaintiff demurred is in the following language: " For a further answer to said complaint and as a partial defense thereto, and in mitigation of damages, this defendant respectfully shows to this court and alleges (a) that this defendant was of the opinion that the execution mentioned in plaintiff's complaint, and growing out of a judgment recovered by this defendant against plaintiff in an action in which John F. Jones was plaintiff and this defendant, Clare A. Pickard, and others were defendants, was a proper process to be issued and delivered to a sheriff in actions of the kind and character upon which said execution was issued; that it was issued by this defendant without any malice and in the orderly course of this defendant's business; (b) that this defendant alleges that any act or deed of his in connection with the issuance of said execution referred to in said complaint did not cause the plaintiff herein any damages whatsoever or affect in any way his character or standing in the community in which he resided.''

Section 536 of the Code authorizes the pleading of mitigating circumstances in an action for a wrong in the following language: " In an action to recover damages * * * for a personal injury * * * the defendant may prove, at the trial, facts, not amounting to a total defence, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defences to the entire cause of action." The question is whether the partial defense demurred to complies with the provisions of this section.

To justify a recovery in an action for false imprisonment it is not necessary to show a lack of probable cause or malice in the sense of ill-will or even recklessness. The tortious quality of the act is necessarily involved in the intentional commission of the act itself. This idea is often expressed by saying that the act itself imports malice. Actions for libel and slander are similar in this respect. The saying of the defamatory words or the publication of the defamatory article is there the gist of the cause of action and imports a wrongful quality. Nevertheless, in actions for false imprisonment, as well as in actions for libel and slander, it is permissible for the jury to consider the quality of the act and the intent with which it is committed and, if it is found that there was ill-will or recklessness involved, to base on such finding an award of punitive damages. It is to meet the claim for punitive damages and such claim only that mitigating circumstances are allowed to be shown. The actual wrong which is done by libel, slander or false imprisonment is not subject to mitigation. The wronged person is entitled to be fully compensated for his actual injury, but if the person who committed the wrong can show, not a full excuse, but something which tends in that direction, the jury is entitled to

consider it in determining whether payment of smart money is to be imposed.

In *Bennett* v. *Smith*, 23 Hun, 50, Mr. Justice Landon expressed these ideas as follows: " In libel and slander the damages may embrace two items, namely, compensatory and punitive. (*Bush* v. *Prosser,* 11 N. Y. 347.) The law implies damage from the injury done. (*Sanderson* v. *Caldwell,* 45 N. Y. 398.) If the defendant lacks a legal excuse for his libel of the plaintiff, the law presumes malice, and the defendant ought to respond to the full extent of the actual injury done the plaintiff; that is, compensatory damages should be given. But if, in addition to this malice which the law presumes, and which may be merely constructive and passive in fact, the jury should find that the defendant was actuated by active and vindictive malice, then they may give, in addition to the actual damages, punitive damages. These are not given as the actual due of the plaintiff, but awarded him, that the defendant may be punished and a wholesome example afforded * * *. To avoid this, he is permitted to plead and prove matters in mitigation of damages. The strictly compensatory damages ought not to be mitigated, else the defendant might cast the consequences of his wrong upon the plaintiff. But the strictly punitory damages may be mitigated. These depend upon the malice of the defendant, and malice depends upon the motive with which the libel was published. If the motive was good, the malice for which the defendant must respond may be existent by operation of law merely, and not by force of evil passions moving the defendant to wish and to do the plaintiff a wrong. The law, it must be borne in mind, presumes the existence, not the character, of the defendant's malice. That character, therefore, becomes a material fact in the case, and hence the defendant's motive or intent equally material."

Chief Judge Ruger, in *Bradner* v. *Faulkner,* 93 N. Y. 515, referring to the same general subject, said: '' It is of the essence of mitigating circumstances that they do not constitute a total defense to the action, but are those facts from which the party acting upon them might reasonably suppose that the offense, for the punishment of which the prosecution was instituted, had been committed by the defendant therein. It also follows, from this fact, that the rules by which the sufficiency of a pleading is ordinarily determined, viz., materiality and relevancy, cannot be applied in all of their strictness to a partial defense by way of mitigating circumstances   *   *   *.

'' It is competent for the defendant, even if he has been guilty of causing the illegal imprisonment of the plaintiff, to prove in mitigation of damages that what he did, was done without malice, and for what he had a right to suppose was reasonable cause for his action.''

The pleading in question alleges that an action was previously brought by this same plaintiff against this same defendant and that in that action the defendant recovered a judgment, and, further, that it was the defendant's opinion that the judgment was of such a character that the execution was a proper process in an action of such kind, and that it was issued without malice. The plaintiff urges that the mistaken opinion of the defendant is immaterial and cites the maxim that ignorance of the law excuses no one. This objection is not sound. The opinion is not offered as a complete excuse. No right is here sought to be based upon this opinion. But the defendant contends that his reasonable mistake as to the law should prevent his being punished  His contention is supported by the language of Chief Judge Ruger in *Bradner* v. *Faulkner, supra:* '' It must be borne in mind that this

court has decided that the facts alleged against the plaintiff did not bring him within the jurisdiction of the board of supervisors, but that decision does not preclude the defendant from proving his belief in those facts, and his honest conviction that they rendered the plaintiff liable to the penalties imposed by the act of 1858.'' See, also, *Bisbey* v. *Shaw*, 12 N. Y. 67.

The difficulty with .the defense, however, is that the character of the previous action is not stated and for all that appears it may have been an action upon a promissory note. While pleadings are now liberally construed, the courts are not authorized to supply omissions. Without some allegation showing the reason for the alleged opinion, the opinion is not shown to be other than reckless itself.

In *Bennett* v. *Smith, supra,* Judge Landon said: '' Let us assume that the defendant could not believe the charges made by him respecting the plaintiff unless he had previously seen or heard something tending to satisfy him of their truth (*Hatfield* v. *Lasher,* 17 Hun, 23; affirmed in Court of Appeals; *Bush* v. *Prosser,* 11 N. Y. 347); and that it therefore follows that, as a condition precedent to his right to testify to his belief in the truth of the charges, he should adduce the facts inducing his belief. (*Willover* v. *Hill,* 72 N. Y. 36.)''

The further allegation in the answer that the execution was issued without malice must be read in connection with the rest of the partial defense. In *Morgan* v. *Bennett,* 44 App. Div. 323, a partial defense to a libel suit was interposed as follows: '' That the publication complained against was made without the knowledge, consent or assent of the defendant and at a time when he was absent from the city of New York and was in Europe, and without the personal knowl-

edge of defendant and without malice.'' The demurrer thereto was sustained.

While it is competent for a person charged with a wrong to take the witness stand and deny the intent to commit the crime (*Bennett* v. *Smith, supra; Lally* v. *Emery,* 79 Hun, 560; affd., 151 N. Y. 653; *McKown* v. *Hunter,* 30 id. 625; *Noonan* v. *Luther,* 206 id. 105; *Jarrell* v. *Young, Smyth Field Co.,* 105 Md. 280; 23 L. R. A. [N. S.] 367), nevertheless, to make a similar denial in a pleading material, it must be founded upon some fact to explain it and give color to the mental attitude.

The allegation that the execution was issued in the ordinary course of business amounts to nothing. It is of the same class as the partial defense to which a demurrer was sustained in *Morgan* v. *Bennett, supra;* and the allegation that there were no damages is nothing more than a denial of damages and has no place in an affirmative defense or partial defense.

The demurrer, therefore, is sustained, with ten dollars costs, but with permission to the defendant to amend his pleading within ten days after the service upon him of a copy of the order sustaining the demurrer.

Demurrer sustained, with costs.