GEORGE McLOUGHLIN, Appellant, v. THE NEW YORK EDISON COMPANY, Respondent.

(Submitted October 7, 1929; decided November 19, 1929.)

*Harold R. Medina, Rufus C. Van Aken* and *Charles Eno* for appellant. Plaintiff was falsely arrested and imprisoned by defendant's employees. (*Gearity* v. *Strasbourger,* 133 App. Div. 701; *Johnson* v. *Bruckheimer,* 133 App. Div. 649; *Parke* v. *Fellman,* 145 App. Div. 836; *Limbeck* v. *Gerry,* 15 Misc. Rep. 663; *Stevens* v. *O'Neill,* 51 App. Div. 364; 169 N. Y. 375; *Gold* v. *Bissell,* 1 Wend. 210; *Searls* v. *Viets,* 2 Thompson & C. 224; *Callahan* v. *Searles,* 78 Hun, 238; *Comer* v. *Knowles,* 17 Kan. 436; *Snead* v. *Bonnoil,* 49 App. Div. 330; 166 N. Y. 325.) Defendant was responsible for the false arrest and imprisonment of plaintiff by its employees. (*Mott* v. *Consumers Ice Co.,* 73 N. Y. 543; *Herrman* v. *New York Edison Co.,* 175 App. Div. 535; *Muller* v. *Hillenbrand,* 179 App. Div. 831; *Rown* v. *Christopher & Tenth St. R. R. Co.,* 34 Hun, 471; *Ochsenbein* v. *Shapley,* 85 N. Y. 214; *Cosgrove* v. *Ogden,* 49 N. Y. 255; *Burns* v. *Glens Falls R. R. Co.,* 4 App. Div. 426; *Veneruso* v. *Spear & Co.,* 160 App. Div. 629; 220 N. Y. 694; *Tyson* v. *Bauland Co.,* 68 App. Div. 310.)

*Charles I. Taylor* and *Thomas H. Beardsley* for respondent. The complaint was properly dismissed for failure to prove that defendant's employee, assuming that he arrested plaintiff, did so within the scope of his employment. (*Penny* v. *N. Y. Central & H. R.· R. R. Co.*, 34 App. Div. 10; Code Crim. Proc. § 183; *Burns* v. *Erben,* 40 N. Y. 463; *Davis* v. *Green*, 260 U. S. 349; *Muller* v. *Hillenbrand*, 227 N. Y. 448; *Hyatt* v. *New York Central & H. R. R. R. Co.*, 162 App. Div. 367; *Mali* v. *Lord*, 39 N. Y. 381; *Mott* v. *Consumers Ice Co.*, 73 N. Y. 543; *Mulligan* v. *N. Y. & R. B. R. Co.*, 129 N. Y. 506; *Hameyer* v. *Yaverbaum*, 197 App. Div. 184; *Meehan* v. *Morewood*, 52 Hun, 566; 120 N. Y. 467; *Murphy* v. *Newhall Co.*, 151 App. Div. 520; *McGrath* v. *Michaels*, 80 App. Div. 458.)

KELLOGG, J.  A customer complained to the defendant that one of its employees, while visiting her apartment to perform a service for the defendant, had stolen a valuable ring therefrom.  The plaintiff, who proved to be the employee who had made the visit, was interviewed by two men, Hatch and Donovan, who were employed in the special service department of the defendant.  According to the story told by the plaintiff, Hatch laid his hand upon the plaintiff's shoulder stating that a ring had been stolen from the apartment of a customer and saying " come on with us."  The plaintiff asked why he should go.  Thereupon Hatch said, " You stole one of those rings and you are under arrest."  The plaintiff was then taken to a police station by the two men.  Hatch told him that he was under arrest and must remain in the station house.  He stayed there from ten in the morning until five in the afternoon.  At noon he started to go out for lunch but was told by an officer that he could not go since he was " under arrest."  At five o'clock the plaintiff was identified by the defendant's customer as the employee who had visited her apartment.  He was compelled to remain over night in a station house.  Several days

later, after a complaint had been filed, the customer appeared in court, stated that she had found the ring, and that no theft had been perpetrated. Accordingly, the complaint against the plaintiff was dismissed.

It is immaterial that Hatch and Donovan, the defendant's servants, employed no physical force against the body of the plaintiff to restrain him. It is enough that, when force sufficient to dominate the situation was displayed, the plaintiff yielded submission and journeyed peaceably, though under compulsion, to the police station. (*Stevens* v. *O'Neill*, 51 App. Div. 364; 169 N. Y. 375.) It is clear, also, that the arrest and imprisonment, if made, were without justification. Private persons may not make an arrest except for a crime committed in their presence, or for a felony which has been committed although not in their presence. (Code Crim. Proc. § 183.) Where the detention is illegal an action for false imprisonment will lie, without regard to the innocence of the defendant in respect to his intentions. (*Snead* v. *Bonnoil*, 166 N. Y. 325.) " It follows that a cause of action for false imprisonment accrues whenever a person is arrested and detained by one not an officer, acting without a warrant, when no crime has in fact been committed by him, no matter with what good faith the party who caused the arrest acted." (*Johnston* v. *Bruckheimer*, 133 App. Div. 649, at p. 652.) Hatch and Donovan were private persons; they made an arrest without a warrant for a felony which had never been committed. Consequently, they were guilty of a false imprisonment. The only debatable question relates to the liability of the defendant, their employer, for the tort which, if the plaintiff spoke the truth, they unquestionably committed.

" It is not the test of the master's liability for the wrongful act of the servant, from which injury to a third person has resulted, that he expressly authorized the particular act and conduct which occasioned it. In most cases where the master has been held liable for the negli-

gent or tortious act of the servant, the servant acted not only without express authority to do the wrong, but in violation of his duty to the master." (Per ANDREWS, J., in *Rounds* v. *Del., L. & W. R. R. Co.*, 64 N. Y. 129, at p. 134.) Where the accomplishment of a given task is committed to a servant, and its performance involves the exercise of discretion and judgment concerning the means to be employed, the master may be responsible although the servant has abused his authority and been guilty of a wrong in executing his commission. (Same case.) The master is liable when the act is done " in the prosecution of the business that the servant was employed by the master to do " (*Cosgrove* v. *Ogden*, 49 N. Y. 255); when it is done while the servant is engaged in his master's business " with a view to the furtherance of that business and the master's interest " (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543); when the wrongful act is in the course of employment and not " outside of it and to accomplish a purpose foreign to it." (*Ochsenbein* v. *Shapley*, 85 N. Y. 214.)

The bureau of special service, to which Hatch and Donovan were attached, is a department maintained by the defendant for the purpose of investigating all accident cases and all criminal complaints. We take it that if articles of value are abstracted from some dwelling house or apartment, one of the countless homes served by the defendant with light or power, and a visiting employee of the defendant is accused of the theft, the matter is referred to the bureau of special service for investigation. For what purpose is the investigation conducted? Undoubtedly, so that on the one hand the stolen articles may be recovered and the customer appeased by their return, and upon the other that the thief may be taken and punished, for an example to other employees and for the purification of the defendant's service. It may be inferred that the defendant itself would desire the achievement of these results. It may be inferred that the

bureau of investigation was commissioned to achieve them. In the particular instance of this alleged theft, the matter of investigation was referred to Hatch and Donovan. They were ex-policemen. It was their custom to take all accused employees to the complaining customers, so that accuser and accused would meet face to face, and they might " thresh " out the matter. It was their duty to " straighten " out all such matters. The inference lies that Hatch and Donovan were commissioned to perform such acts as might lead to the recovery of the articles stolen and the apprehension and conviction of the detected thief. If, in the course of their activities to accomplish this result, Hatch and Donovan subjected this plaintiff to an arrest, we think it might justly be inferred that they were acting in " the prosecution of the business " of their master with a " view to the furtherance " thereof and not " to accomplish a purpose foreign to it."

The case of *Craven* v. *Bloomingdale* (171 N. Y. 439) furnishes strong support to the plaintiff's claim. In that case the driver of a delivery wagon was required to collect all charges due his employer for goods which he delivered. Merchandise had been delivered to the plaintiff and been returned as unsatisfactory. Merchandise to replace it was intrusted to the driver to deliver and make collections. Through some mistake the bill for the goods itemized the charge at full value without deductions for the payments made upon the prior delivery. The driver, having delivered the goods, insisted upon payment of the bill in full, or the return of the merchandise, and the plaintiff refused so to pay or make return. The driver called a policeman who arrested the plaintiff and took him to a police station where he was discharged. It was held that the employer of the driver might be held liable for his act in causing the arrest. There the servant, employed to make collections, may have been acting within the scope of his employment when he caused the plaintiff to be arrested for the non-payment of an

alleged debt, or the return of goods conditionally delivered. Here, criminal investigators, employed to investigate a felonious charge against the plaintiff, caused the plaintiff to be arrested for the commission of the felony. Surely, if the driver in *Craven* v. *Bloomingdale* may have been acting within the scope of his authority, the investigators in this case may well have been within their authority when they arrested the plaintiff.

We think that there was presented for the determination of a jury the question of fact whether the plaintiff was arrested by the servants of the defendant acting within the general scope of their authority, and that the complaint should not have been dismissed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

POUND, CRANE, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., and LEHMAN, J., dissent.

Judgment reversed, etc.