HERMAN SANDERS, Respondent, *v.* NATHAN ROLNICK, Appellant.

Supreme Court, Appellate Term, First Department, January 9, 1947.

628

*Joseph Goldstein* for appellant.

*Harry Meisnere* for respondent.

SHIENTAG, J. The plaintiff was arrested by the defendant late in the forenoon of January 10, 1944, taken to the police station where he was fingerprinted, to police headquarters where he was photographed and made to participate in the line-up, and from there to the Magistrate's Court where he was released on bail of $500 furnished by him late in the afternoon. Subsequently he was arraigned before the Magistrate charged with grand larceny, the stealing of a check for $300, which was later cashed. The Magistrate held him for action of the Grand Jury. After several hearings by the Grand Jury, that body refused to indict and the case against the defendant was dismissed on December 4, 1944. He suffered no loss of wages but incurred special damages in the sum of $200 for counsel and $25, the expense of the bail bond.

Four main grounds are urged on the appeal: (1) that the complaint failed to state a cause of action for false arrest and imprisonment and that the court below erroneously ordered the trial to proceed on that theory; (2) that the court erred in denying to the defendant the right to amend his answer, pursuant to notice, which proposed amendment, among other things, purported to set up as a partial defense in mitigation of damages, lack of malice and the existence of reasonable and probable cause; (3) that the verdict was against the overwhelming weight of the credible evidence, and (4) that the verdict of the jury was excessive.

The third ground may be dismissed from consideration with the brief statement that questions of fact and of credibility were involved and that there is no reason why this court should interfere with the finding of the jury.

The complaint has at least one virtue — brevity. It alleges as follows: " That in and during the month of December, 1943, the defendant wrongfully, maliciously and unjustly accused the plaintiff of stealing a check from the defendant, and as a result of such unjust accusation the plaintiff was arrested, prosecuted and acquitted, and because of such wrongful, malicious and unjustified conduct on the part of the defendant the plaintiff was deprived of his liberty, was compelled to incur legal expenses and was otherwise damaged in the sum of ($3,000.) Three Thousand Dollars. "

The answer simply set up a general denial. No motion of any kind addressed to the complaint was made before the trial. At the opening of the trial the defendant contended that the complaint was one for malicious prosecution rather than for false arrest. In any event, he moved, pursuant to notice, to amend his answer by setting up as complete and partial defenses, and as a defense in mitigation of damages, the absence of malice and the existence of reasonable and probable cause. No motion was made to dismiss the complaint but, on the application to amend the answer, the court ruled that the action was one in false arrest and that the proposed defenses were in all respects insufficient in law.

Thereupon the case proceeded to trial on the theory of false arrest. It is difficult to determine from the face of the complaint whether it purports to state an action for malicious prosecution or for false imprisonment. Essential allegations are lacking to sustain either cause of action and the complaint emphasizes the wrongfulness of the prosecution rather than the

unlawful arrest itself. Be that as it may, no motion having been made below addressed to the sufficiency of the complaint and the case having been fully tried as one of false arrest and imprisonment, the insufficiency of the complaint itself does not warrant reversal.

Sections 177 and 183 of the Code of Criminal Procedure deal with the right to arrest a person without a warrant. Section 177 provides that a police officer may arrest without a warrant (a) for a crime committed or attempted in his presence; (b) where the person arrested has committed a felony although not in his presence, and (c) where a felony has in fact been committed and the officer has reasonable cause to believe that the crime was committed by the person arrested. Section 183 provides that a private person may arrest without a warrant (a) for a crime committed or attempted in his presence or (b) where the person arrested has committed a felony although not in the presence of the private citizen making the arrest. Police officers and private citizens are, therefore, on the same footing when an arrest is made, without a warrant, in the case of a misdemeanor. But the police officer is given greater protection than a private citizen when the arrest is made for a felony (*McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202; *Snead* v. *Bonnoil*, 166 N. Y. 325; *Gearity* v. *Strasbourger*, 133 App. Div. 701).

Here the arrest was made by the defendant who directed a police officer to take the plaintiff into custody. The defendant did not merely communicate the facts or the grounds of suspicion to the police officer leaving the latter to act on his own judgment and responsibility in making the arrest (*Brown* v. *Chadsey*, 39 Barb. 253; *Regan* v. *Morgan*, 211 App. Div. 443; *Heneberry* v. *Mahoney*, 63 N. Y. S. 2d 862). The question in this case, therefore, was whether the person arrested committed the felony with which he was charged. If he stole the check as claimed, the arrest was lawful and this would be so even if it were made maliciously or vindictively. If the crime was in fact not committed by the person arrested, the private citizen who made the arrest without the warrant would not be relieved from liability no matter how good his intentions were or how great the caution he exercised. Lack of malice and the existence of reasonable and probable cause are neither complete nor partial defenses to an action for false imprisonment against a private person making an arrest without a warrant (*McLoughlin* v. *New York Edison Co.*, 252 N. Y. 202, *supra*). That is not

altogether true, however, with respect to the damages which may be recovered in such an action.

Damages, other than nominal, that are recoverable in certain types of tort actions, of which false imprisonment is one have long been classified as compensatory and punitive in character. Compensatory damages, whether general or special, serve to make good, so far as it is possible to do so in dollars and cents, the harm done by a wrongdoer. Punitive damages, on the other hand, as the name implies, act not by way of compensation but by way of punishment of the wrongdoer and as an example to others. Such damages may be awarded in a proper case only where, and to the extent that, the wrongdoer has acted maliciously, wantonly or with a recklessness that betokens improper motive or vindictiveness. Moreover, even in a case where punitive damages may be warranted by the facts, it is for the jury in its discretion to say whether such damages will be awarded (*Voltz* v. *Blackmar*, 64 N. Y. 440, 444; *Reid* v. *Terwilliger*, 116 N. Y. 530).

It is not necessary specifically to claim punitive damages in the complaint (*Korber* v. *Dime Savings Bank*, 134 App. Div. 149). We are not called upon to determine whether facts must be specially alleged in a complaint to lay the foundation for an award of punitive damages or whether such damages flow as an incident to a proper type of action as the facts may be developed upon the trial (cf. 1 Clark on New York Law of Damages, § 55; *Bingham* v. *Gaynor*, 135 App. Div. 426; *Korber* v. *Dime Savings Bank*, 134 App. Div. 149, *supra*). Here the allegations of the complaint furnish a sufficient foundation for a claim for punitive damages. Good faith, absence of malice and the existence of reasonable and probable cause may be shown by the defendant in an action of this type, not to defeat the action (for false arrest by a private citizen without a warrant), not to reduce the actual damage sustained, but only in mitigation with respect to punitive damages (*Gearity* v. *Strasbourger*, 133 App. Div. 701, 705, *supra*). The wronged person in any action for false imprisonment is entitled to be compensated for the actual injury he sustained and this irrespective of the motive of the wrongdoer (*Jones* v. *Pickard*, 101 Misc. 117; *Parke* v. *Fellman*, 145 App. Div. 836; *Voltz* v. *Blackmar*, *supra*, p. 445; *Bradner* v. *Faulkner*, 93 N. Y. 515; *Wandell* v. *Edwards*, 25 Hun 498).

It is clear that matter tending to disprove compensatory damages claimed, whether they be general or special in character, may be shown by a defendant although not set up in the

answer; it suffices that the answer puts in issue the existence of the cause of action asserted (*Fleckenstein* v. *Friedman*, 266 N. Y. 19). Where, however, the defendant seeks to show mitigating circumstances bearing upon liability for punitive damages, it is proper, if indeed not required, that such mitigating circumstances be separately set up in the answer (Civ. Prac. Act, §§ 262, 339; *Fleckenstein* v. *Friedman, supra; McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 355; *Wandell* v. *Edwards, supra*, p. 500; *Willover* v. *Hill*, 72 N. Y. 36; *Bradner* v. *Faulkner, supra*).

The court, therefore, erroneously refused to allow an amendment of the answer setting up a partial defense in mitigation of damages. This requires reversal for, in consequence of that erroneous ruling, the defendant was deprived of the opportunity of offering in evidence, for the limited purpose indicated, all of the facts and circumstances connected with the transaction leading up to the arrest, tending to explain the motive of the defendant. It is unnecessary, therefore, to pass upon the question as to whether or not the verdict rendered in this case was excessive.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

HAMMER, J. (dissenting). I dissent and vote for affirmance on the ground that denial by the court below of the defendant's motion to amend the answer by setting forth four defenses, two " distinct " and two " partial " did not constitute reversible error. The primary rule applicable here seems to me to be that which confines the appellant to the theory upon which the cause was tried and under which we are not required to pass upon questions not raised below. This cause was tried below on the theory of false arrest and imprisonment and all the evidence material to that issue offered by defendant was ultimately received by the court below, although previously it had been excluded.

I agree the language of the complaint, liberally construed, was broad enough to include a charge of malicious prosecution, and if the case were tried on that theory, the amendment should have been allowed. But we are only called upon to determine whether the refusal of the court below to grant defendant's motion made at the trial, which was confined to the limited theory of false arrest and imprisonment, constituted prejudicial error. On the issue of false arrest and imprisonment there was no question of probable cause, the arrest having been made without a warrant by a private citizen and not by a peace officer,

*Gearity* v. *Strasbourger* (133 App. Div. 701) per LAUGHLIN, J., states the rule and is authority for the above. The amendment proposed was (1) the "distinct" defense that upon arraignment and hearing before a city magistrate plaintiff was held for action by the Grand Jury, and same constitutes probable cause for the arrest and detention of plaintiff; (2) for a second "distinct" defense, the denial that defendant falsely or maliciously, or without probable cause, caused plaintiff's arrest; (3) for a "partial" defense defendant believed he had reasonable and just cause in believing plaintiff guilty of the crime of grand larceny, and in arresting plaintiff, as alleged by plaintiff, and defendant was not actuated by malice against plaintiff, but merely by the purpose and intent of punishing the wrongdoer, and (4) for a "*partial*" defense in mitigation of *any damages,* all of the above was realleged and that defendant acted "in good faith believing plaintiff was guilty of the crime of grand larceny as charged in the complaint before the city magistrate \* \* \*." Obviously, the motion in respect of the first two "distinct" defenses, by which it can only be assumed defendant meant "complete" defenses, was properly denied by the Trial Justice in this action for false arrest and imprisonment.

The Trial Justice, in my opinion, also properly denied the amendment in respect of the "partial" defense (designated above as 3) of reasonable and just cause in making the arrest. Many authorities support this view. (See *McLoughlin* v. *New York Edison Co.,* 252 N. Y. 202.) Apparently, these defenses were proposed to meet the purported claim of malicious prosecution. The sections of the Civil Practice Act invoked by defendant are sections 261, 262 and 339. We are not concerned with sections 338 and 338-a, which provide special rules applicable to libel and slander. Cases in respect of such sections do not seem to be particularly helpful here. Section 339 of the Civil Practice Act reads as follows: "*Proving mitigating circumstances in action for wrong.* In an action to recover damages for a personal injury, or an injury to property, the defendant may prove, at the trial, facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action. A defendant, in default for want of an answer, may prove facts of that description upon a reference or inquiry to ascertain the amount of the plaintiff's damages."

The provisions of the last part of this section are applicable upon assessment of damages taken upon default of an answer. The provisions of the first part of the section and those of sections 261 and 262 appear to be intended to govern only when a pleading is served. (*McClellan* v. *Climax Hosiery Mills,* 252 N. Y. 347, revg. 226 App. Div. 664.) But these sections do not appear to have changed the definition of mitigating circumstances. In *McClellan* v. *Climax Hosiery Mills* (*supra,* pp. 355–356, 357, 358), CARDOZO, Ch. J., in his concurring opinion stated: "The rule came to be established that * * . * mitigating circumstances * * * were those that bore upon a defendant's liability for punitive or exemplary damages by reducing or softening the moral or social culpability attaching to his act, or upon his liability for actual damages by showing that, though suffered, they had been partially extinguished. For illustration, a defendant might wish to show that in publishing a libel he had acted without malice, upon credible reports, and in the belief that what he was writing was the truth. To gain for himself the benefit of these mitigating circumstances in reduction or extinguishment of punitive damages, there was need for him to plead them (*Wachter* v. *Quenzer,* 29 N. Y. 547; *Spooner* v. *Keeler,* 51 N. Y. 527, 535; *Bradner* v. *Faulkner,* 93 N. Y. 515; *Gressman* v. *Morning Journal Assn.,* 197 N. Y. 474). On the other hand, there could never be 'mitigating circumstances' to cut down the recovery of damages actually suffered unless afterwards extinguished *pro tanto* by payment or release (*Gressman* v. *Morning Journal Assn., supra; Lynch* v. *Figge,* 194 App. Div. 126, 132). Matter tending to the disproof of actual damages, or damages claimed to be actual, was not matter in mitigation within the meaning of the statute, and might be proved by a defendant though not mentioned in the answer (*Wandell* v. *Edwards,* 25 Hun, 498; *Gulerette* v. *McKinley,* 27 Hun, 321; *Young* v. *Johnson,* 46 Hun, 164; 123 N. Y. 226; *Osterheld* v. *Star Co.,* 146 App. Div. 388, 394; *Walmsley* v. *Kopczynski,* 202 App. Div. 104, 108). The doctrine of these decisions is in harmony with the rule that an allegation of a complaint as to a plaintiff's general damages is not the subject of traverse in an answer, and may be disputed by a defendant though not covered by a denial (*Howell* v. *Bennett,* 74 Hun, 555, 558, and cases there cited). *A fortiori* it may be disputed without plea in mitigation. * * * The question now is whether section 262 of the Civil Practice Act has brought with it the need for a new and different definition of 'mitigating circumstances.' The provisions of that section so far as rele-

vant are as follows: ' A partial defense may be set forth [in an answer], but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. * * * Matter tending only to mitigate or reduce damages is a partial defense, within the meaning of this section.' The sentence last quoted was not in the earlier codes.

" I see no reason to believe that this section has changed the definition of ' mitigating circumstances.' Mitigating circumstances are not those that reduce the actual damages by showing that they were not suffered. Mitigating circumstances are those that affect the basis for an award of exemplary damages, or reduce actual damages by showing, not that they were never suffered, but that they have been partially extinguished (cf. *Gabay* v. *Doane, supra* [77 App. Div. 413])."

Confining inquiry to the proposed amendment by way of partial defense, last above referred to, and also designated by the numeral 4, it is my opinion that what is attempted to be pleaded are not mitigating circumstances within the above definition. In the first place, that partial defense is alleged to be in mitigation of *any damages* and sought to repeat and reallege all of the matters attempted to be pleaded, erroneously, I believe, as two complete defenses and a partial defense, and then sought to allege that " said acts were performed and done by the defendant in good faith, without malice, and honestly, and in good faith believing the plaintiff was guilty of the crime of grand larceny, as charged in the complaint, before the city magistrate * * *."

In respect of compensatory damages, as pointed out above and agreed to, I believe, in the majority opinion, good faith, absence of malice and the existence of reasonable and probable cause may not be shown to defeat the action for, or to reduce the actual damage sustained by reason of the false arrest and imprisonment.

In *McLoughlin* v. *New York Edison Co.* (252 N. Y. 202, 205, *supra*) the Court of Appeals, through Kellogg, J., said: " Private persons may not make an arrest except for a crime committed in their presence, or for a felony which has been committed although not in their presence. (Code Crim. Proc., § 183.) Where the detention is illegal an action for false imprisonment will lie, without regard to the innocence of the defendant in respect to his intentions. (*Snead* v. *Bonnoil*, 166 N. Y. 325.) ' It follows that a cause of action for false imprison-

ment accrues whenever a person is arrested and detained by one not an officer, acting without a warrant, when no crime has in fact been committed by him, no matter with what good faith the party who caused the arrest acted.' (*Johnston* v. *Bruckheimer,* 133 App. Div. 649, at p. 652.) "

The circumstances proposed to be pleaded by the amendment in the first place are not facts tending to show that what defendant did was done without malice. In addition they are not allegations of facts such as would mitigate against plaintiff's claim of punitive damages by affecting the basis therefor, i.e., malice, wantonness, willfulness or oppression, or that actual damages have been reduced or partially extinguished after they had been suffered or had accrued. (See *McClellan* v. *Climax Hosiery Mills,* 252 N. Y. 347, *supra.*) What defendant alleges and sought to set up are facts and circumstances such as that plaintiff was arraigned before and after hearing was held by the magistrate which he hoped would amount to justification or, failing in that, would be considered as mitigation in reduction of *any damages.*

Finally, as all of defendant's evidence to support his defense that the crime charged had been committed and by plaintiff who, upon arraignment, was held by the Magistrate was accepted by the Trial Justice and by him submitted to the jury for consideration in reaching the verdict, no reversible error is shown. Under the circumstances receipt of the evidence even under the general denial would render harmless any possible error in denial of the motion to amend.

The defendant's general denial should go merely to the fact of an arrest and imprisonment and defendant's participation in it, and a partial defense setting up facts is proper only in mitigation of punitive damages. As the facts claimed to be mitigating circumstances here were received under the general denial, any error in refusing to allow the amendment to plead mitigation would not seem to warrant a reversal of the judgment. Furthermore, the partial defense is insufficient on its face in that the allegations were in mitigation of *any damages,* which is nothing more than a denial of damages and has no place in an affirmative defense or partial defense (*Jones* v. *Pickard,* 101 Misc. 117, 123, and cases cited. See, also, *Brown* v. *Chadsey,* 39 Barb. 253).

HECHT, J., concurs with SHIENTAG, J.; HAMMER, J., dissents in opinion.

Judgment reversed, etc.