DORA GILL, Plaintiff, *v.* MONTGOMERY WARD & Co., INC., Defendant.

Supreme Court, Trial Term, Albany County, October 31, 1950.

*Arthur J. Harvey* and *Nathan M. Medwin* for plaintiff.

*Frank L. Wiswall* and *William J. Schoonmaker* for defendant.

TAYLOR, J. This action was brought by the plaintiff against the defendant to recover damages for false imprisonment. The complaint contained the usual and essential allegations to sustain such a cause of action and the answer was in effect a general denial. After a trial, the jury has rendered a verdict in favor of the defendant.

The plaintiff moves to set aside the verdict and urges as grounds for that discretionary disposition errors of the trial court in the admission of evidence.

The false arrest was claimed to have been made by employees of the defendant in its place of business and was preceded by plaintiff's finding in the ladies' cloakroom thereof and by her alleged wrongful retention of a pocketbook owned by a coemployee which had been purposely placed by her on the floor of said cloakroom and which contained marked money. Upon the trial, the defendant over the objection and exception of the plaintiff was permitted to offer evidence that both during the period of plaintiff's employment by the defendant and prior thereto there had been thefts of personal property of employees in the same department in which plaintiff worked. Among the articles asserted to have been so stolen was a pocketbook containing $70. Although such evidence was admitted as bearing on the question of mitigating circumstances with respect to the liability of the defendant for exemplary damages only, its reception was clearly error. Such testimony might have been relevant and admissible to show good faith and lack of malice on the part of the defendant as they pertained to the subject of punitive damages had the answer properly pleaded the facts in mitigation by a separate partial defense. A general denial was insufficient, however, to accomplish that result. (Civ. Prac. Act, §§ 262, 339; *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347; *Sanders* v. *Rolnick,* 188 Misc. 627, affd. 272 App. Div. 803; *Gearity* v. *Strasbourger,* 133 App. Div. 701; *Fleckenstein* v. *Friedman,* 266 N. Y. 19.)

It is true that the jury was justified in finding for the defendant if it believed the defendant's version that the plaintiff was not falsely arrested or illegally detained provided its determination was based on admissible testimony. The effect which the admission of the irrelevant proof had on the jury's verdict must

necessarily be speculative and any conjecture on the subject of its influence must be resolved most strongly in favor of the plaintiff against whose interest it was in error received. I am persuaded that its influence may well have been sufficiently prejudicial to the plaintiff's case as to have denied her a fair trial.

Upon the minutes and exceptions of the trial, it is my opinion that a new trial should be had and an order may be presented to me for signature setting aside the verdict of the jury and granting the plaintiff a new trial with an exception to the defendant.

Submit order accordingly.