Bernard S. Meter, J.
Plaintiff was injured and her intestate killed on April 2,1965 when a vehicle being pursued by a county police car collided with the car in which plaintiff and her intestate were riding. Plaintiff seeks to hold the two policemen who were in the county vehicle and the county as well. Her complaint alleges operation by both individuals with the permission and consent of the county and within the scope of the officers’ employment as well as negligence in operation. As against the county it also alleges negligence in ‘ ‘ training and instruction in the proper and acceptable methods and techniques of stopping, restraining or pursuing drivers of speeding automobiles.” Plaintiff having served a notice to examine, the county now moves for a protective order with respect to that part of the notice which seeks to examine the county concerning the training of the policemen involved, the police training program generally, the personnel records of the policemen involved and the reception of radio calls made by the policemen during the particular pursuit, and that part which seeks production at the examination of (1) the police homicide investigation report, (2) the personnel records of the policemen involved, (3) the training curriculum used during the period of their training, (4) the curriculum in effect on April 2, 1965, (5) the records of the policemen at such training program, (6) records of any motor vehicle accidents involving the policemen prior to April 2, 1965. The primary contention of the county is that since it has admitted that the policemen were acting within the scope of their employment the training data requested are irrelevant. The homicide investigation report, the county claims is protected by CPLR 3101 and Nassau County Government Law, § 2207 (L. 1936, ch. 879, as amd.).
The county does not, and indeed could not, argue that plaintiff’s claim against it cannot be predicated on improper training of the policemen in pursuit driving (see Golembe v. Blumberg, 262 App. Div. 759; PJI 2:240; Restatement, Torts, §§ 307, 308; Restatement, Agency 2d, § 213). Its contention is, rather, that once it is admitted that the policemen were acting within the scope of their employment, the only issue is whether the acts of the policemen were negligent under the circumstances. There *250 are situations in which though the single wrong done may be characterized in several ways, its presentation to the jury may properly be restricted to but one aspect (Morello v. Brookfield Constr. Co., 4 N Y 2d 83). The instant case may not, however, be so restricted in its present status. True, the duty of an employer to exercise reasonable care in the employment, training and supervision of employees to ascertain whether they are competent to carry out duties entrusted to them without danger of harm to others is generally asserted in order to hold the employer for acts of an employee outside the scope of his employment (see PJI 2:240). However, the duty may have other legal significance. Thus, if it can be shown that the county knew the policemen had not been trained for pursuit driving and nonetheless entrusted such duties to them, punitive damages may be recovered (Walsh v. Hyde & Behman Amusement Co., 113 App. Div. 42; Restatement, Torts, § 909; Restatement, Agency 2d, § 217 0). Since punitive damages may be awarded against a municipality (Baynes v. City of New York, 23 A D 2d 756; Raplee v. City of Corning, 6 A D 2d 230), and the claim for punitive damages need not be separately pleaded (Knibbs v. Wagner, 14 A D 2d 987; see Korber v. Dime Sav. Bank, 134 App. Div. 149; Sanders v. Rolnick, 188 Misc 627, affd. 272 App. Div. 803), the court cannot say at the present stage of the action that the training issue is irrelevant.
While plaintiff is, therefore, entitled to examine as to training in pursuit driving, her examination is limited by the complaint, which cannot be enlarged by the bill of particulars. The examination of the county will, therefore, be limited to subdivision (a) of the notice rephrased as follows: “ (a) the police training given to Kenneth Bush and Richard Pagan, whether by the Nassau County Police Department or other organizations or persons in methods and techniques of stopping, restraining or pursuing drivers of speeding automobiles ”, and subdivision (e) of the notice which is relevant to paragraphs 35, 39 and 41 of the complaint, and the documents to be produced at such examination will be limited to those relating specifically to those two items, Records of prior motor vehicle accidents involving the policemen would be relevant if the complaint charged negligence in retaining incompetent employees (Baulec v. New York & Harlem R. R. Co., 59 N. Y. 356), but are not relevant on the issue of improper training.
With respect to the homicide investigation report, the attorney’s work product and material prepared for litigation limitations of CPLR 3101 (subds. [c] and [d]) do not protect from disclosure any document which section 66-a of the Public Officers *251 Law requires disclosure of* since a special statute providing for a particular class of cases is not repealed by a subsequent statute general in terms unless the two aré so completely inconsistent that they cannot operate together (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 396; cf. Donnelly v. County of Nassau, 46 Misc 2d 895). Section 66-a of the Public Officers Law relates to reports and records of any accident, kept or maintained by the * * * police department ”, and overrides section 2207 of the Nassau County Government Law with respect to such reports (Scott v. County of Nassau, 43 Misc 2d 648), though not with respect to records of the County Attorney’s office or the District Attorney’s office (Hid). That a Police Department record is also filed with the County Attorney or District Attorney would not immunize it, however, if it originated as a report “ kept or maintained by the * * * police department”. On the other hand, records of the County Attorney made by a policeman as agent for the County Attorney would be immunized by section 2207. The availability of the requested report will, therefore, depend upon the procedures through which it originated, and only those portions relating to the accident (as distinct from those relating to apprehension of the driver pursued, for example, a matter wholly irrelevant to the incident which forms the basis of plaintiff’s claims) need be made available to plaintiff on the examination. Since these matters cannot be determined on the present papers, the court will, following the procedure suggested in Rios v. Donovan (21 A D 2d 409) direct that the county have the police homicide investigation report file available at the examination and produce for examination an official having knowledge of the departmental procedures involved. Plaintiff may examine as to such procedures and then either apply to the Justice presiding in Special Term, Part II on the day of the examination, after the necessary foundation facts have been developed, for a ruling, or make a formal discovery motion, as she may be advised. No part of the report need be disclosed to plaintiff, however, until further ruling of the court, obtained by one or the other of the methods suggested.