Walter R. Hart, J.
The complaint in this action against the defendant the City of New York and one Bruno Martinelle, a police officer, in the first cause of action charges the defendants with assault and in the second cause of action with malicious prosecution and false arrest. The third cause of action is brought on behalf of the plaintiff husband for loss of services and medical expenses.
Plaintiffs move to strike various portions of the answer interposed by the defendant City of New York on the ground that some of the denials are sham and frivolous and that certain affirmative defenses are insufficient in law.
The motion to strike as sham and frivolous is addressed to paragraphs Second, Third and Seventh of the answer. Paragraph Second of the answer denies paragraphs Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth of the complaint “ except that on or about, the 23rd day of June, 1958 and prior to the commencement of this action a paper writing purporting to be a notice of claim was presented to the Comptroller of the City of New York.” All of the allegations of the complaint thus denied (except paragraph Ninth of the complaint) relate to the service of a notice and amended notice of claim on the Comptroller with notice of intention to sue, the lapse of 30 days since the service of an amended notice of claim and the refusal of payment or adjustment by the Comptroller. Paragraph Ninth of *599 the complaint alleges that the action was commenced within one year from the accrual of the causes of action. Paragraph Eighth alleges that plaintiffs have duly complied with all of the provisions precedent to the bringing of the action and have complied with all the provisions of the charter and any other laws with relation thereto. In support of the motion plaintiffs have submitted an affidavit reciting the facts and have attached photostatic copies of the notices of claim with admissions of service indorsed thereon. It has also been shown that the necessary hearings were completed by the Comptroller.
In opposition to the motion defendant does not deny the allegations of the complaint or moving affidavit but takes the position that since plaintiffs must establish the facts alleged as part of their prima facie case and as a condition to the maintenance of the action the only admission the city could make is that a paper ‘ ‘ purporting to be a notice of claim ’ ’ was served and then deny the specific allegations of the complaint relating to compliance with the statutory requirements. There is absolutely no merit to this position. The form of the allegations of the complaint is such that a categorical denial or admission is in order. If in fact no notice of claim were served or if the one served were so patently defective as to be a nullity, a categorical denial should be made. If in fact, however, there is no issue with respect thereto there should be no denial, qualified or otherwise. As it now stands and viewed in the light of the affidavits submitted in support of and in opposition to the motion, the denials are sham. They should not be resorted to in those cases where a proper notice of claim has been filed and where all conditions precedent prescribed by statute have been complied with. This court has observed that the city has repeatedly resorted to this type of pleading. The practice should cease and only be resorted to when the facts warrant it. Clearly the denial that 30 days have elapsed since the service of the amended notice of claim is sham and frivolous.
Accordingly the motion to strike paragraph Second of the answer is granted except as to that allegation which alleges that the action was commenced within a year. There is nothing before the court to show when in fact the suit was instituted. For that reason the court is unable to determine whether all conditions precedent have been fully complied with. If the allegations are true it is incumbent on defendant to admit them by refraining from denying them in the amended answer. •
Plaintiff also moves to strike as sham paragraph Third of defendant’s answer. This paragraph purports to answer the *600 allegations contained in paragraphs Tenth, Eleventh, Twelfth and Thirteenth of the complaint which read as follows:
“ Tenth: Upon information and belief, and at all times hereinafter mentioned, the defendant bruno martinelli was employed by the City of New York.
‘ ‘ Eleventh : That at all times hereinafter mentioned, the said defendant bruno martinelli was acting for and on behalf of the said defendant, city of new york.
‘ ‘ Twelfth : That at all times hereinafter mentioned, the said defendant, bruno martinelli as such employee was acting in connection with and in furtherance of his duties as employee of the CITY OF NEW YORK.
‘1 Thirteenth : That at all times hereinafter mentioned, the acts hereinafter alleged arose out of and in furtherance of the duties of the defendant bruno martinelli as employee of the CITY OF NEW YORK.”
Defendant City of New York in its answer by paragraph Third: “ Denies each and every allegation contained in paragraphs of the complaint designated ‘ tenth ’, 1 eleventh ’, ‘ twelfth ’ and ‘ thirteenth ’ except that Bruno Marinelli was a New York City police officer on April 26, 1958 and he acted as such on that date.”
The form of these denials is palpably improper. Since paragraph Tenth of the complaint is in effect admitted by paragraph Third of the answer there is no warrant for the denial of the allegation in its present form. Paragraphs Eleventh, Twelfth and Thirteenth, alleging in effect that defendant Martinelle at the time of the alleged wrongs to plaintiffs acted in the scope of his employment for defendant City of New York, should either be admitted or unequivocally denied without the 1 ‘ qualification ’ ’ that he was a police officer and acted as such on that date. An amended answer accordingly is to be served with respect thereto.
Paragraph Seventh of defendant’s answer is also attacked as sham and frivolous. By this paragraph defendant denies the allegations of paragraph Twenty-seventh of the complaint wherein plaintiffs allege a multiple number of facts, some of which defendant admits, and others which it denies. It has not been shown that the denial with respect to that part of paragraph Twenty-seventh of the complaint, which is denied, is demonstrably false. Accordingly, the motion, insofar as it relates to the same, is denied.
Plaintiffs also move to strike the first affirmative defense, paragraphs Eleventh and Twelfth of the answer, for insufficiency. This defense, predicated on a claim of justification, alleges that *601 the defendant City of New York was under a duty to maintain and operate a police department to suppress crime and ‘£ That at no time did the defendants commit any of the acts as alleged in the complaint, but that all of the acts of the defendant, Bruno Marinelli, mentioned in the complaint were performed without malice and with reasonable and probable cause in the performance of his duties as a police officer * * Plaintiff wife in the first cause of action, as heretofore observed, alleges an assault and in her second cause of action in effect alleges two separate and distinct wrongs, namely, false arrest and malicious prosecution. Defendant, however, did not move to compel plaintiff to separately state and number the causes of action.
While the lawfulness of defendant’s acts may be shown in defense as justification of the assault (6 O. J. S., Assault and Battery, § 13, p. 805), the facts with respect thereto must be alleged. This, defendant has failed to do, the statement set forth above being completely conclusory in nature. Insofar as the defense purports to be a justification for the false arrest, good motives and probable cause are immaterial (Prosser, Law of Torts, ch. 21, p. 646) and therefore is unavailable as an affirmative defense. Nor are they matters of defense by way of justification in a malicious prosecution action. Among the essential elements which plaintiff wife must allege and prove as part of her affirmative case are the absence of probable cause and malice on the part of the defendant (Prosser, Law of Torts, ch. 21, p. 646). Accordingly, the negative thereof is not the basis of an affirmative defense. Therefore the defense is stricken with leave to replead the facts insofar as they relate to the first cause of action.
Defendant, as a second affirmative defense, in mitigation of damages, realleges facts with respect to its duty to organize a police force and then alleges: £ £ Fourteenth : That at no time did the defendant Bruno Marinelli commit any of the acts as alleged in the complaint, but that all of the acts of the police officer mentioned in the complaint were performed without malice and in good faith in the performance of his duties as a police officer in the Police Department of the City of New York and as a peace officer of the State of New York.” This, too, suffers from the same infirmity in that it fails to state facts and is merely conclusory in nature. Facts to establish the absence of malice may be pleaded in mitigation to avoid the imposition of punitive damages for the assault (6 C. J. S., Assault and Battery, § 44, p. 866) and for the false arrest (Jones v. Picard, 101 Misc. 117) but not with respect to the cause of action for malicious prosecution. In the absence of such proof affirma *602 tively by the plaintiff the cause of action fails completely. However, since the plaintiff saw fit to join the cause of action for false arrest and malicious prosecution in one cause of action defendant is not required to allege as to which of these causes of actions the defense is applicable. The answer, however, must set forth the ultimate facts relied upon to show the absence of malice. (Jones v. Picard, supra.) Accordingly the second affirmative defense is dismissed with leave to plead over.
Settle order on notice.