Theodore G-. Barrow, J.
After a trial without a jury, limited to the issue of liability, the court finds for the plaintiffs against the defendants.
The plaintiffs elected to pursue only his cause of action for false imprisonment. Any cause of action they may have had based on the negligence of the defendants was abandoned in the opening statement of their counsel.
The court finds that at about 12:15 p.m. on June 20, 1967, the infant plaintiff, then 14 years old, boarded a bus owned by the Transit Authority and operated by the defendant Mooney. The bus in question was being used as a school bus; it did not accept the general public as passengers. Plaintiff and 65 to 70 other school children got on the bus at Bernstein Junior High School and the driver, Mooney, proceeded on the regular school bus run, stopping at the scheduled stops until the bus got to Annadale station. The children were noisy and some of them were damaging the bus. When he stopped at Annadale station the driver announced that he was going to take all of the remaining children (including the infant plaintiff) to the St. George police station. Thereafter, until the infant plaintiff was injured, the driver did not stop at any of the scheduled bus stops or open the doors of the bus at any time.
At the corner of Arden Avenue and Arthur Kill Boad the bus turned right. If the driver were going to follow his scheduled route and take the infant plaintiff to his stop, he would have turned left at this intersection. As the bus made the turn the infant plaintiff, trying to escape confinement on the bus, either fell or jumped from the bus window and the right rear wheels of the bus passed over him.
The driver had no warrant for plaintiff’s arrest. Since the defendants failed to plead justification, no evidence was received to show justification for the restraint of the freedom of the infant plaintiff (Woodson v. New York City Housing Auth., 10 N Y 2d 30, 33). The defendants’ motion to amend their answers to include the affirmative defense of justification was denied. This motion, made at the end of the plaintiffs’ case, could not be granted without prejudice to the plaintiffs. Furthermore, *995 defendants? counsel stated that he had no proof that the infant plaintiff was disorderly or caused any damage to the bus.
When the driver, acting on his announced intention of taking the plaintiff and the others to the police station, failed to stop at his scheduled stops, failed to open the bus doors and departed from the scheduled route, he imposed unlawful restraints on the freedom of the infant plaintiff. These deliberate, intentional, and willful acts constitute false imprisonment, McLoughlin v. New York Edison Co. (252 N. Y. 202) and since the driver was acting within the scope of his employment, his employer, the Transit Authority, is also liable.