Edward S. Conway, J.
Defendant in Action No. 1 and Action No. 2, Stanley Department Stores, Inc., moves for an order dismissing Action No. 1 and Action No. 2 on the basis of a defense founded upon documentary evidence pursuant to CPLB. 3211 (subd. [a], par. 1) and on the basis of collateral estoppel and res judicata pursuant to CPLB 3211 (subd. [a], par. 5).
The complaint in each action alleges a cause of action for false arrest and malicious prosecution in that on April 3, 1969, the defendant, Stanley Department Stores, by its agents and/or employees, detained the plaintiff in the store, owned and operated by defendant, and had her arrested by the Troy Police for petit larceny; that plaintiff was taken to the Troy police station under arrest and was released on bail; that thereafter, on the next day, plaintiff appeared in Troy Police Court and pleaded not guilty and the case was set down for trial on June 19, 1969; that the case was tried and the plaintiff was found not guilty, and the complaint further alleges that the charge made by the defendant was false and malicious so as to deceive the Justice of Police Court.
*991 The defendant contends that the records of the Police Court of the City of Troy, which are made a part of the moving papers, indicate that a motion to dismiss the informations lodged against the plaintiffs herein was made by their attorney. The motions were denied by the Police Justice in each action on May 29,1969; The defendant urges that the denial of the motions to dismiss the informations constituted a finding of the presence of probable cause and shows probability of guilt.
With this contention, this court cannot agree. The denial of the motion to dismiss the informations by the Police Court is not res judicata as to the presence of probable cause.
In case of an arrest by private person, validity depends on guilt of defendant, and no other consideration such as reasonableness of arresting person’s belief is of any significance. (McLoughlin v. New York Edison Co., 252 N. Y. 202, 205); (People v. Cassone, 20 A D 2d 118.)
The motion is denied with $20 costs to the plaintiffs.